Read, J.
It is claimed that the sureties to the bond in ques-ti°n are not liable, because the condition provides that Wet-shall discharge the duties of said office agreeably to the regulations, requirements and restrictions of the act incorporating said Corporation, when said act prescribes no regulations, requirements or restrictions, relating to the duties of Treasurer; and hence that it is impossible to assign a breach upon such a condition. The breach is, that the said Wetmore failed to pay over money which he received as Treasurer. The by-laws of the Company prescribe it as the duty of the Treasurer to receive and pay out money. The charter defines no specific duty to be performed by the Treasurer.
The failure to pay over money is a breach of the condition of the bond.
The provision in the condition, to discharge the duties of said office agreeably to the regulations, requirements and restrictions of the charter, is not designed to relieve the sureties from responsibility for the non-performance of duties within the scope of the charter; but if it had been attempted to make the sureties responsible for duties imposed upon the Treasurer beyond the powers of the charter, the words of the condition would exempt the sureties.
It is conformable to the express power of the charter that the Treasurer should receive and account for money. To receive and account for money is a duty conformable to the regulations, requirements and restrictions of the act. If it were in contravention of the powers, restrictions and regulations of the act, the sureties to this bond would not be responsible for its non-performance. The charter provides that the Corporation shall have a Treasurer. To receive and account for money constitutes a Treasurer. The power to appoint a Treasurer is not derived^to the Corporation from its by-laws, but its charter. The power and duty of the Treasurer is not derived from the by-laws, but the charter. The Corporation would have no power to confer authority, or impose duties upon the Treasurer, as such, not consistent with the office of treasurer. The condition of this *335 bond then is simply that Wetmore shall discharge the duties imposed by the charter. True the charter provides that Company may prescribe the duty of the Treasurer, but this is ted to the execution, and is not a grant of original power. It would not authorize the Corporation to prescribe duties inconsistent with the office of treasurer. It is not pretended in this case that the duty omitted, which is assigned as the breach of the condition, is not a duty belonging to the office of treasurer. The duties of treasurer, the sureties of Wetmore have undertaken that he shall perform. How? Agreebly to thé regulations, requirements and restrictions of the charter. Is it agreeable to the regulations, requirements or restrictions of the charter, that Wetmore should receive and account for the money of the Company ? This will not be denied. But it is said there were no regulations, restrictions and requirements respecting the duties of Treasurer. This is not so. There are regulations, restrictions and requirements in the charter, respecting premium notes, the per centage to be paid, and how and when it shall be collected, &c. But it is said the charter does not impose, the duty upon the Treasurer to receive and account for money. It does, for this is the very essence of the office of treasurer, which the charter creates.
The duties of the Treasurer are to be performed in all respects in conformity with- the charter.
In some counts in the declaration it is charged that the defalcation of the Treasurer was in violation of his duty under the charter, and in others that it was in violation of his duties imposed both by the_ charter and by-laws. The defalcation was in violation of both. The condition of the bond refers only to the charter, but the terms of the charter indicate the duties imposed by the by-laws. The by-law is only designed as an execution of the power of the charter. The only objection which could be urged to the counts, that charge the defalcation to be in violation of both charter and by-laws, would be that of varience. This goes to the pleading, and not the liability. But as the reference to the by-laws is merely by way of addition *336 and not description, such objection is not tenable. Had the bylaws attempted to enlarge^ the responsibility of the sureties, by imposing unusual duties upon the Treasurer, and not contained in the charter, the sureties would be protected by the words of their bond. We do not say but the Company might have imposed other duties upon the person acting as Treasurer besides those strictly of Treasurer, but as to such duties the sureties would not have been responsible, merely because different classes of duties were imposed upon the same-person.
We are unable to perceive any ground upon which the sureties should be exempted from their,liabilty upon their bond in this case. >
We admit to the fullest extent that sureties are only to be held responsible according to the exact letter of their obligation. We intend in no sense to relax the stringent rules in favor of the sureties. But we hold in this case, that the sureties are liable according to-the exact words of the bond.
The judgment of the Court sustaining the demurrer is overruled. ' ■