JOHN McCREARY, *et al.*, v. CAROLINE M. PARSONS, *Executrix*, &c.

PROMISSORY NOTE; *Maker Estopped from Denying Consideration.* Where a non-negotiable note due eight months after date was executed by the maker for certain territory covered by a patent right, with the privilege to make, use and sell therein the material manufactured under the patent, and afterward the payee sold and transferred the note to another party, and the maker wrote to him "assuring him of his ability and willingness to pay the note as soon as he could collect, or make sale of some property," and such party sold and transferred the note to another party, and the maker wrote to such other party "that he would pay part of the note sometime this spring," and after the death of such party, and after full opportunity of judging of the character of the patent right and the value of the privilege which formed the consideration of the note, the maker wrote the attorney of the executrix of the decedent "that he would make all the efforts he could to meet the note at as early a day as possible," and also wrote to the executrix "that he could raise only one thousand dollars on his property, but would pay that at once on the note," and over twelve years elapsed between the execution of the note and the last written promise, and on the note there was a payment by the maker of $200 more than three months after it became due, and another payment by the maker of $200 more than five years after it became due, *held*, in an action by the executrix — the holder of the note — against the maker, the latter is estopped to deny a consideration for the note either on the ground of fraud or deceit regarding the novelty, utility or value of the patent right or the material manufactured thereunder.

### *Error from Jackson District Court.*

ACTION brought by *Caroline M. Parsons,* as executrix of the last will of John R. Parsons, deceased, against *John McCreary* and two others, to recover the remainder due on a certain promissory note, and to foreclose a mortgage given to secure its payment. Trial at the April Term, 1883, and judgment for plaintiff. The defendants bring the case here. The facts are stated in the opinion.

*I. T. Price, Broderick & Rafter,* and *Lowell & Walker,* for plaintiffs in error.

*Hayden & Hayden,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The note sued on, which was non-negotiable, was executed by John McCreary, one of the plaintiffs in error, to the firm of Holland, Frear & Wilson, for certain territory covered by the Frear stone patent and the right to make, use and sell therein material manufactured under the patent. The defenses relied upon to defeat the recovery upon the note were, fraud and deceit upon the part of the payees in inducing the contract concerning which the note was given, and therefore failure of consideration. The note was executed May 7, 1870, for $700, bearing interest at 10 per cent. per annum from date, and payable on or before January 7, 1871. It was established upon the trial that, in 1871, Holland, Frear & Wilson sold and transferred, by indorsement, the note to Garland, Holmes & Co.; that not long after, the latter firm sold the note to John R. Parsons; that he died July 2, 1879; that the defendant in error, Caroline M. Parsons, was his duly-appointed executrix; that on April 25, 1871, a payment was made upon the note by McCreary, of $200; that on May 10, 1876, another payment of $200 was made by him upon the note; that on July 6, 1874, he wrote to Garland, Holmes & Co., in answer to a letter that they had about decided to foreclose the mortgage, (given to secure the note,) among other things, as follows: "It would be a very serious matter to me if you would sue for a foreclosure, and I hope you will not at present, for I think I can assure you of my ability and willingness to pay just so soon as I can collect or make sale of some property. Times are very hard, but I hope they may be better. So soon as I can get anything from the east, or otherwise, I shall remit;" that this letter came into the hands of John R. Parsons; that he wrote to McCreary concerning the note on December 16, 1874; that in answer, McCreary replied in writing: "I will pay part sometime this spring. Our farming interests have failed so for the last two years that the country is badly crippled. We are hoping that times may get better. I have

claims that if I could collect, would enable me to pay you; but they are out of reach now, but think they can be had before a great while. In the meantime I shall assure you of my best efforts, and would ask that you make a statement of the way you hold the note, and what you can do for me in the way of time;" that after the death of John R. Parsons, and on October 30, 1879, he wrote to Walter M. Howland, of Chicago, Ill., the attorney of Caroline M. Parsons, executrix: "Yours of 20th has been received. I have been absent since its arrival until this morning; and now, as to the claim of which you write, without looking up the amount, I suppose it is all right. The property securing the same is well worth three times the amount. I have been trying to sell, in order to settle the matter. . . . I am very anxious to get a settlement of the claim, and will still make greater efforts than I have yet done. Hoping that you will allow me such clemency as you can, I will pledge to make all the efforts I can to meet it at as early a day as possible;" that on May 27, 1882, he wrote further to Walter M. Howland, as follows: "Yours with reference to the Parsons estate was duly received, and I have been looking about for means to settle it. It has now got to be so large that I hardly know how to do with it. Since 1870 I have not been successful in business. I am getting old, and my family are all girls, and I have to hire all my help, and am not able to gain anything, but am trying to get my obligations all settled. And now I am going to ask this of Mrs. Parsons, and I feel that she will do it; and that is, give me some reduction on the amount of the claim. I know that my failure to realize from the investment is no one else's business but my own, but the thing has been very unfortunate for me. I have been thinking that each year I could sell or do something that would enable me to get out, but have not as yet, and would ask that this thing be presented to Mrs. P. and we will make arrangements to meet the terms as nearly as we can. There have been two payments of $200 each, but still the amount is so large it will about ruin us to meet it. Please do this, and

29—31 KAS.

let me know soon what the terms are;" that on June 6, 1882, he wrote to the executrix: "As to the matter of paying the claim I owe you, I am ready to do all I can, and have made arrangements for it. I can only raise $1,000 on the property, and will pay that at once, (that is, so soon as the legal arrangements can be executed.) But there will be a balance for which I would ask some generous proposition from you, and will be glad to hear from you at once."

In seeking to prove his defense, McCreary, upon the trial, sought to introduce the representations made to him by the members of the firm of Holland, Frear & Wilson regarding the novelty, utility and value of the Frear stone patent, and the material manufactured under the patent; that the patent right and the material of the patent were worthless, and wanting in utility, novelty, and value; also that the material manufactured under the patent was unsafe and dangerous. It was not shown, or attempted to be shown, that after the writing of the various letters by McCreary, which were read in evidence, any new or additional information had reached him in regard to the novelty, utility and value of the patent right, or of the materials manufactured thereunder. The court refused the evidence offered, and instructed the jury that the only matter for them to determine was the amount of interest due upon the promissory note, and to bring a verdict for the plaintiff for the amount found due, including principal and interest. In all of these rulings no material error was committed.

This action was brought about four months after the letter of June 6, 1882, was written. Up to that time McCreary had never claimed or intimated that any fraud or deceit had been practiced upon him concerning the sale of the patent right for which the note was given, nor had he ever attempted in any manner to disaffirm the contract. For over twelve years after he executed the note, he had not only made no objection to the patent right purchased by him or to the material manufactured thereunder, but on the other hand, after having had full opportunity of judging of the character of

the patent right and of the value of the privilege which formed the subject-matter of his dealings with Holland, Frear & Wilson, he expressly ratified the contract several times by promising to pay the note. If, after he had full knowledge of the misrepresentations — if any such were made to him by Holland, Frear & Wilson — he continued to recognize his liability upon the note and promised to pay after he had acquired such knowledge, it is but fair and just that he should be estopped from making the defense which he sought to establish upon the evidence offered. It cannot be said that the contract which he entered into with Holland, Frear & Wilson was void on the ground of public policy, or against any statute. Conceding all that McCreary claims, the contract was merely voidable on account of fraudulent representations. If afterward, being fully informed of the merits of the patent and the material authorized to be manufactured thereunder, and of all the objections thereto, with his eyes open, he voluntarily confirmed the contract, he has no right to complain now. (*Fitzpatrick v. Flannigan,* 106 U. S. 648; *Negley v. Lindsay,* 67 Pa. St. 217; *Davis v. Gray,* 17 Ohio St. 330, and cases there cited.)

It appears that the letter of July 6, 1874, although written to Garland, Holmes & Co., must have been turned over to John R. Parsons, as it was subsequently found among his effects; and he appears to have written to McCreary on the 16th of December, 1874, concerning the note. Parsons had the right to rely upon the promises of McCreary, which were continuously made to him up to his death, on July 2, 1879; and relying upon such promises, he had the right to suppose the note he had purchased was valid in all respects, and not tainted with fraud or deceit.

The suggestion that the plaintiff below could not avail himself of the plea of estoppel because the facts constituting such plea were not set up in his reply, is without force, as it was alleged in the petition that on the 30th day of October, 1879, the 27th day of May, 1882, and the 6th day of June, 1882, McCreary, in writing signed by him, acknowledged

the existence of his liability on the note; also that at divers other times since the 10th day of May, 1876, in writing signed by him, he acknowledged the existence of his liability; also at divers times within five years last past, in writing signed by him, he promised to pay the same; and his letter, of date June 6, 1882, was copied in full in the petition. Again, under the petition all of the letters were admitted without objection or exception.

The ground of estoppel was so clearly established, and so conclusive, it was useless to send the case to the jury for anything but a computation of the amount due on the note.

With these conclusions, it is unnecessary to refer to the other questions submitted to us. The judgment of the district court will be affirmed.

All the Justices concurring.