THE STATE OF OHIO, APPELLANT, *v.* COLVIN, APPELLEE.

(No. 68-561—Decided July 9, 1969.)

*Mr. A. M. Psenicka*, for appellant.
*Mr. Brano Urbancic*, for appellee.

O'NEILL, J. It is contended by the appellee that the letter from the Secretary of the State Dental Board should have been held to be inadmissible on two grounds.

First, that the statutory exception to the hearsay rule contained in Section 2317.42, Revised Code (Official Reports as Evidence Act), is not applicable because the letter is not an official report and was not made by an officer of this state. That section provides:

"Official reports made by officers of this state, or certified copies of the same, on a matter within the scope of their duty as defined by statute, shall, in so far as relevant, be admitted as evidence of the matters stated therein.

"Such report or finding shall be admissible only if the party offering it has delivered a copy of it, or so much thereof as relates to the controversy, to the adverse party a reasonable time before trial, unless in the opinion of the trial court the adverse party has not been unfairly surprised by the failure to deliver such copy."

In determing the scope of this statute, it must first be noted that it is not merely a codification of the public documents exception, so well established at common law. That rule developed out of the necessity principle, the inconvenience of requiring a public official's attendance, and the circumstantial probability of trustworthiness inherent

in the exercise of his duty as a public officer. 5 Wigmore on Evidence (3 Ed.), 512 and 513, Sections 1631 and 1632. A general statement of the exception is that (5 Wigmore on Evidence [3 Ed.], 545, Section 1639): "Wherever there is a duty to record official doings, the record thus kept is admissible."

At common law, courts were hesitant about receiving reports of public officials as distinguished from public books or records. "When the public officer made an investigation of a particular matter and prepared a report on it, the common law looked with less favor upon it * * * [because] there is no such routine or regularity of entry as in keeping the books." Hallen, The Uniform Evidence Acts, 6 Ohio St. L. J. 25, 35.

In paragraph two of the syllabus in the case of *Davis & Co.* v. *Gray* (1867), 17 Ohio St. 330, this court said:

"A paper, certified under the hand and official seal of the commissioner of patents to be 'a true copy from the record of that office, of the specifications in the matter of the letters patent granted H. G., March 21, 1854,' unaccompanied by a duly authenticated copy of the letters patent referred to, is not of itself competent evidence either of the existence, or of the contents of any letters patent."

The General Assembly, recognizing the need for an authority that "would make admissible various sorts of reports dealing with matters seldom disputable and only provable otherwise at disproportionate inconvenience and cost" (5 Wigmore on Evidence [3 Ed.], 699, Section 1672), enacted Section 2317.42, Revised Code, thereby greatly facilitating the production of evidence with little chance of it being untrustworthy.

In this case, the report admitted into evidence consisted of a certificate by the custodian of certain documents that, after due search, he was unable to find an entry of appellee's name. That report was based on first-hand knowledge. Concerning this type of evidence, Wigmore has said:

" * * * The certificate of a custodian that he has dil-

igently searched for a document or an entry of a specified tenor and has been unable to find it ought to be usually as satisfactory for evidencing its non-existence in his office as his testimony on the stand to this effect would be * * *." 5 Wigmore on Evidence (3 Ed.), 754, Section 1678.

The letter of the Secretary of the State Dental Board was an official report on a matter within the scope of his duty as chief enforcement officer of the statutes regulating the practice of dentistry. The Secretary of the State Dental Board is an "officer of this state," within the meaning of those words as used in Section 2317.42, Revised Code.

A reading of Chapter 4715, Revised Code, reveals that the General Assembly has seen fit to attach a portion of the sovereignty of the state to the office of Secretary of the State Dental Board, and entrusts him to exercise his statutorily prescribed duties for the benefit of the public.

McCormick, in his Handbook of the Law of Evidence, 614, states:

"* * * the official duty and the habit of honesty and accuracy in the performance of such duties [by public officials] supply the element of special trustworthiness. * * * to require such officials to attend as witnesses for this purpose would unduly interrupt public business * * * [and] the official written statement, made contemporaneously, will usually be more reliable than present recollection."

Ample safeguards are provided the party against whom such evidence is admitted. *Sheward* v. *State,* 117 Ohio St. 568.

Section 4715.08, Revised Code, requires the State Dental Board to keep a register of all persons licensed as dentists and further requires that its records shall be open to public inspection. Section 2317.42, Revised Code, provides for furnishing copies of official reports to the opponent prior to trial. Thus, the opponent is afforded protection against surprise and an opportunity to investigate the validity and accuracy of writings offered under Section 2317.42, Revised Code. In this case, the appellee

did not contend that he was surprised by the offering of this letter.

The second reason advanced for excluding the secretary's letter, which was raised *sua sponte* by the Court of Appeals, is that the admission thereof into evidence violated appellee's right to confront a witness against him. There is no merit in this contention. This question is discussed in 30 American Jurisprudence 2d 122, Evidence, Section 991, as follows:

"Public documents and records or properly authenticated copies, where admissible, are competent evidence against the accused in a criminal prosecution, where they are of probative value respecting an issuable fact therein, notwithstanding the constitutional provision guaranteeing the accused the right to confront witnesses against him. In other words, the right of an accused in a criminal case to be confronted with the witnesses who testify against him is not violated by the introduction of so-called public documents or official records which are required to be kept."

Rule 44, Fed. Rules of Civ. Proc., and Rule 27, Fed. Rules of Crim. Proc., provide for the admission of official records and reports in federal courts. See 30 American Jurisprudence 2d, 127, Evidence, Section 998; 70 A. L. R. 2d 1236, Section 6.

The final question in this case may be stated thus: Did the investigator for the State Dental Board have the authority to file an affidavit to cause prosecution of appellee?

Section 2935.09, Revised Code, provides as follows:

"In all cases not provided by Sections 2935.02 to 2935.08, inclusive, of the Revised Code, in order to cause the arrest or prosecution of a person charged with committing an offense in the state, *a peace officer, or a private citizen having knowledge of the facts,* shall file with the judge or clerk of a court of record, or with a magistrate, an affidavit charging the offense committed, or shall file such affidavit with the prosecuting attorney or attorney

charged by law with the prosecution of offenses in court or before such magistrate, for the purpose of having a complaint filed by such prosecuting or other authorized attorney.'' (Emphasis added.)

Since appellant stipulated that the investigator did not have personal knowledge of the facts as stated in the affidavit, the affidavit was not filed by an authorized person unless the investigator is a ''peace officer,'' within the meaning of those words as used in the above section.

Section 2935.01(B), Revised Code, provides as follows:

'' 'Peace officer' *includes* a sheriff, deputy sheriff, marshal, deputy marshal, member of the organized police department of any municipality, a police constable of any township, and, for the purpose of arrests within those areas, and for the purposes of Chapter 5503 of the Revised Code, and the filing of and service of process relating to those offenses witnessed or investigated by them, includes the superintendent and patrolmen of the State Highway Patrol.'' (Emphasis added.)

The use of the word ''includes'' in the definition of ''peace officer'' evidences an intent that the General Assembly did not mean to exclude other constituted officers who may be granted enforcement powers by the General Assembly.

To determine if the investigator was a ''peace officer,'' it is necessary to ascertain the extent of his enforcement powers.

The General Assembly must have intended the Secretary of the State Dental Board to have the power to sign an affidavit. Section 4715.05, Revised Code, states:

''The Secretary of the State Dental Board shall enforce Sections 4715.01 to 4715.35, inclusive, of the Revised Code. * * *''

That section makes the secretary the chief enforcement officer, while Section 4715.04, Revised Code, recognizes that he alone can not visit all those connected with dentistry in the state, interview all those witnesses having

personal knowledge of violations, and prepare and file affidavits throughout the state. Section 4715.04, Revised Code, provides, in part, that:

"* * * Such board may employ such assistants, inspectors, investigators, and clerical help as it deems necessary *to enforce* Sections 4715.01 to 4715.35, inclusive, of the Revised Code * * *." (Emphasis added.)

Investigators for the State Dental Board are the enforcement agents, under the supervision of the secretary of the board, charged with the responsibility of enforcing the statutes regulating the practice of dentistry and ferreting out violators thereof. These investigators are "peace officers," within the meaning of those words as used in Section 2935.09, Revised Code, and, thus, have the authority to file affidavits to cause prosecutions for violations of the laws regulating the practice of dentistry.

The judgment of the Court of Appeals is, therefore, reversed.

*Judgment reversed.*

MATTHIAS, Acting Chief Justice, COLE, SCHNEIDER and HERBERT, JJ., concur.

DUNCAN, J., concurs in paragraphs one and two of the syllabus, but dissents from paragraph three of the syllabus and from the judgment.

COLE, J., of the Third Appellate District, sitting for TAFT, C. J.