WASPE ET AL., APPELLANTS, *v.* OHIO STATE DENTAL BOARD ET AL., APPELLEES. GARVIN ET AL., APPELLANTS, *v.* OHIO STATE DENTAL BOARD ET AL., APPELLEES.

(Nos. 84AP-248 and -249 —
Decided September 12, 1985.)

*Topper, Alloway, Goodman, De-
Leone & Duffey* and *James F. DeLeone;
Porter, Wright, Morris & Arthur* and
*Louis J. Schneider, Jr.; Santen, Santen
& Hughes* and *William E. Santen,* for
appellants Ira Waspe, D.D.S., Peter
Garvin, D.M.D., et al.

*Anthony J. Celebrezze, Jr.,* attorney
general, and *Lawrence Pratt,* for appel-
lees.

STRAUSBAUGH, J. This is an appeal
by the plaintiffs from a decision of the
common pleas court which denied in-
junctive relief and found that there was
no just cause for delay in the proceeding.
Civ. R. 54(B).

Plaintiffs are dentists, practicing in
a clinical setting in Cincinnati. On De-
cember 16 and 20, 1982, the defendant,
Ohio State Dental Board (hereinafter
"board"), issued notices of opportunity
to the plaintiffs to contest charges of
violations of R.C. Chapter 4715. Plain-
tiffs filed suit against the board and its
individual members seeking a tempo-
rary and permanent injunction, a declar-
atory judgment and money damages
pursuant to Section 1983, Title 42, U.S.
Code. Plaintiffs' separate actions were
consolidated for trial.

Plaintiffs alleged that defendants
were biased and prejudiced against
them; that defendants pursued specific
policies aimed at harassing the plain-
tiffs; that defendants were hostile to the
concept of clinical dentistry practiced by
plaintiffs; that defendants were con-
trolled and directed by the Ohio Dental
Association, which was also hostile to
the plaintiffs; and that defendants hated
and desired to create hate for the plain-
tiffs.

It is an understatement to say that
the parties in the instant case have little
regard for each other. The intensity of ill
will and dislike is readily apparent from
the record and goes beyond the emo-
tions usually created by litigation.

Plaintiffs assert the following as-
signments of error:

"1. The trial court erred as a mat-
ter of law in finding and concluding that
the state dental board substantially com-
plied with O.R.C. Chapter 4715, al-
though the interim secretary of defen-
dant-appellee dental board alone, and
without approval, action or vote of the
dental board itself, investigated and in-
stituted the disciplinary charges against
plaintiff-appellants contrary to the ex-
press provisions of O.R.C. § 4715.03(D)
and against which an injunction was
sought.

"Alternatively, the trial court erred
as a matter of law in failing to restrain
the disciplinary proceedings permanent-
ly or until the General Assembly adopts
a constitutionally permissible discipli-

nary procedure, in that plaintiff-appellants' constitutional rights to due process would have been violated by reason of the mandate of the statute combining prosecutorial and judicial functions in the single agency of the state dental board, even if the dental board had issued charges in strict compliance with O.R.C. § 4715.03(D).

"2. The trial court erred as a matter of law in failing to apply the rule of *Gibson* v. *Berryhill* [1973], 441 [*sic* 411] U.S. 564, 36 L.Ed. 2d 488, 93 S. Ct. 1689, and in ignoring the undisputed evidence in this case that the governing Ohio statutes place appellants' fate in the hands of an administrative body, five out of seven of whom have an apparent pecuniary interest in the revocation of the licenses of appellants, in the 'attendant publicity' (*[Berryhill* v. *Gibson* (1971), 331 F.Supp. 122, 126, vacated and remanded (1973), 411 U.S. 564]*) and are adverse to appellants' method of dental practice which delivers dental care by a methodology and concept of practice at substantially less cost than the type of practice utilized by any of the five dentist board members and by the vast majority of the members of the Ohio Dental Association.

"3. The trial court erred as a matter of law in failing to find on the undisputed evidence in this record that the re-injection of the official secretary of the dental board into the pre-charges investigation of this proceeding and the charge-drafting process, with the knowledge of a majority of the full board, so poisoned the charges as to pose the reasonable possibility of the influence of Dr. Recker and his prejudice tainting the remaining members of the board which could in no way be 'quantitatively measured.' *Amos Treat & Co.* v. *S.E.C.*, 306 F.2d 260 ([C.A.D.C.] 1962)."

In their first assignment of error, plaintiffs contend that the State Dental Board failed to comply with statutory requirements. They urge that amendments pertaining to R.C. Chapter 4715 remove investigatory authority from the secretary of the board and place it in the board itself; thus, the interim secretary of the board investigated and enforced the provisions of R.C. Chapter 4715 without authority to do so. Plaintiffs' position is that the board itself must investigate violations and initiate enforcement of the regulations.

As amended in 1982, R.C. 4715.03 (D) provides:

"The board shall administer and enforce the provisions of this chapter. The board shall investigate evidence which appears to show that any person has violated any provision of this chapter. * * *"

Prior to this amendment, R.C. 4715.03 only dealt with the composition of the board, rule-making authority, and the functioning of the board.

R.C. 4715.05 provides, "[t]he secretary of the state dental board shall enforce this chapter. * * *" R.C. 4715.04 states, in part, that:

"* * * Such board may employ such assistants, inspectors, investigators, and clerical help as it deems necessary to enforce sections 4715.01 to 4715.35, inclusive, of the Revised Code * * *."

Even if plaintiffs are correct and R.C. 4715.03 controls, it is not conclusive. Plaintiffs maintain that the board is without authority to delegate any of its duties, despite R.C. 4715.04. With this view we cannot agree.

R.C. 4715.04 was not amended in 1982 when R.C. 4715.03 was altered, and R.C. 4715.04 specifically states that "investigators" may be employed to enforce the relevant provisions of the Revised Code. It is ludicrous to suggest that the board must traverse the state, dealing with every matter involving an investigation, without being able to delegate any such power to employees. Although it must (and here does) retain final adjudicatory authority, common sense dictates, and R.C. 4715.04 autho-

rizes, that the board delegate investigatory and enforcement authority. See *State* v. *Colvin* (1969), 19 Ohio St. 2d 86, 92-93 [48 O.O.2d 94].

It is clear why plaintiffs seek to have the entire board conduct the investigation, the charging, and the final adjudication, because plaintiffs urge that such a regulatory scheme violates due process. They contend that the board is both prosecutor and judge.

In *Withrow* v. *Larkin* (1975), 421 U.S. 35, a physician sought a declaration that statutes permitting the Wisconsin Medical Examining Board to suspend his license were unconstitutional. The United States Supreme Court held that the board members were not constitutionally precluded from holding an adversary hearing on a matter evolving from the board's own investigation. The Supreme Court in *Withrow* stated, at 47:

"The contention that the combination of investigative and adjudicative functions necessarily creates an unconstitutional risk of bias in administrative adjudication has a * * * difficult burden of persuasion to carry. It must overcome a presumption of honesty and integrity in those serving as adjudicators; and it must convince that, under a realistic appraisal of psychological tendencies and human weakness, conferring investigative and adjudicative powers on the same individuals poses such a risk of actual bias or prejudgment that the practice must be forbidden if the guarantee of due process is to be adequately implemented."

In response to the plaintiffs' contention that a fair hearing before the Ohio State Dental Board would be impossible because of known prejudice against plaintiffs, the trial court stated that such did not appear from the evidence and there was no ground upon which to base a finding of known prejudice or bias; hence, the plaintiffs failed to overcome their burden of persuasion. The trial court heard and weighed all of the evidence and, after a careful review of the record, in the absence of anything extraordinary that we have not been directed to, we must affirm the finding of the trial court.

Plaintiffs' first assignment of error is overruled.

In their second assignment of error, plaintiffs urge that the apparent pecuniary interest and personal benefit of a majority of the board disqualifies that majority from hearing the charges. Plaintiffs rely on *Gibson* v. *Berryhill* (1973), 411 U.S. 564. In *Gibson,* the United States Supreme Court, although vacating and remanding the case, affirmed a district court decision providing injunctive relief to optometrists where the district court found the board suffered from possible bias due to both prejudgment of the facts and personal interest, stating, at 579:

"* * * The District Court proceeded on this basis and * * * concluded that the pecuniary interest of the members of the Board of Optometry had sufficient substance to disqualify them, given the context in which this case arose. As remote as we are from the local realities underlying this case and it being very likely that the District Court has a firmer grasp of the facts and of their significance to the issues presented, we have no good reason on this record to overturn its conclusion [of possible personal interest] and we affirm it."

Applying a similar standard, we likewise conclude that there exists no good reason to overturn the conclusion of the trial court. *Gibson* does not mandate automatic injunctive relief in all cases.

In the instant case, two members of the board are not dentists and three members who are dentists practice in locales removed from possible economic impact. The trial court weighed the evidence and testimony introduced by plaintiffs and concluded there was no

evidence from which to infer that the board was biased and prejudiced against the plaintiffs.

Plaintiffs' application of *Gibson* apparently requires that any dentist in the state of Ohio be barred from sitting on the board because of a remote pecuniary interest. They maintain that their vague allegations of complicity between the board and the Ohio Dental Association, the Ohio Dental Association's influence on the board, and the fact that four of the five dentists are in solo or small practice, were sufficient to taint the board even when the trial court determined no such prejudice or bias existed.

We decline to apply *Gibson* in such a broad and sweeping manner. Plaintiffs' second assignment of error is overruled.

In their third assignment of error, plaintiffs contend that the trial court erred as a matter of law by failing to find that the "re-injection" of the official secretary of the board into the proceedings poisoned the charges against them.

Dr. Recker, the secretary of the board, initially excused himself from this case because of the potential appearance of prejudice. He assisted in the questioning of a witness and in some other procedures. Plaintiffs urge that this was conclusive proof of the bias and prejudice against them.

In essence, plaintiffs invite this court to speculate as to the potential prejudice in spite of the fact that the trial court weighed all the evidence and testimony of possible bias and prejudice and found no harm to the plaintiffs. As previously noted, in the absence of anything extraordinary not yet introduced and upon review of the record, we again decline plaintiffs' request that we find evidence of bias and prejudice where the trial court found no such evidence.

Plaintiffs' third assignment of error is overruled.

One final matter remains to be disposed of. On March 1, 1985, plaintiffs made a motion requesting a stay of proceeding, opinion, and judgment. This motion was made under Civ. R. 60(B). Plaintiffs alleged discovery of fraud, corruption, fabrication, misrepresentation, violation of public trust, breach of fiduciary duty, conspiracy, and tampering with evidence. The motion was based on the affidavit of the son of one of the plaintiffs and what the son alleged a former employee of defendant had told him.

Plaintiffs then supplied affidavits to this court of two witnesses, purporting to show the bias and prejudice of members of the dental board. Rather than introducing this new evidence to the trial court, plaintiffs requested that this court make its own factual determination and urged a reversal of the trial court on the basis of these supplemental pleadings.

We declined in both instances to sustain the plaintiffs' motion. We believe the better procedural practice is to decline to interfere with the trial court's continuing jurisdiction under a Civ. R. 60(B) motion. Here, these affidavits and pleadings should have been introduced at the trial court level. Thus, both motions were denied.

Civ. R. 60(B) cannot serve as a substitute for appeal; neither does Civ. R. 60(B) interfere with the jurisdiction of this court to proceed if it so chooses. A possible determination by the trial court of a motion for relief from judgment does not interfere with the jurisdiction of this court to proceed with the appeal. *In re Estate of Davis* (Dec. 20, 1979), Franklin App. Nos. 79AP-731 and -732, unreported. We see no reason to delay disposition of the matters raised by this appeal.

The assignments of error are overruled, and the judgments of the trial court are affirmed.

*Judgments affirmed.*

18

REILLY, P.J., concurs.

STILLMAN, J., dissents.

STILLMAN, J., retired, of the Eighth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.

STILLMAN, J., dissenting. I would grant the motion to stay proceedings pending action on the 60(B) motion.