OPINION
Appellant Karen Bolden appeals the decision of the Mansfield Municipal Court that found her guilty of possessing a fur-bearing animal without a license issued by the Ohio Division of Wildlife. The following facts give rise to this appeal.
On January 4, 2000, Gregory Wasilewski, a wildlife officer for the State of Ohio, went to appellant's residence to inquire about a pet raccoon, named Trucker Bubby, that had bitten a neighbor boy. Officer Wasilewski became aware of the raccoon, after receiving a telephone call, from the health department, inquiring whether the raccoon was licensed. Officer Wasilewski was unable to find a permit, for the raccoon, in his files.
Upon arrival at appellant's residence, Officer Wasilewski took possession of the raccoon. Appellant informed Officer Wasilewski that she purchased the raccoon, from a propagator, in Washington County and that she applied for a permit in that county. Appellant further explained that the permit was destroyed in a car fire. Later that same day, Officer Wasilewski contacted the Division of Wildlife Office in Washington County and discovered that the Washington County Office also did not have a record of an application for a license or the issuance of a license to appellant. Based upon this information, Officer Wasilewski issued appellant a citation for violating R.C. 1533.71, a misdemeanor of the third degree.
This matter proceeded to trial on November 17, 2000. Following deliberations, the jury found appellant guilty as charged. The trial court sentenced appellant to thirty days in jail and a fine of $150 plus court costs. The trial court also ordered appellant to pay out-of-pocket medical expenses for the injured neighbor boy.
Appellant timely filed her notice of appeal and sets forth the following assignments of error for our consideration:
 I. DEFENDANT WAS DENIED OF (SIC) DUE PROCESS OF THE LAW WHEN THE COURT CONVICTED HER UNDER SECTION 1533.71
OF THE OHIO REVISED CODE, WHICH IS UNCONSTITUTIONALLY VAGUE.
 II. DEFENDANT WAS DENIED DUE PROCESS OF THE LAW WHEN THE COURT ADMITTED AND CONSIDERED IMPROPER EVIDENCE TO WHICH TRIAL COUNSEL OBJECTED.
 III. DEFENDANT WAS DENIED HER RIGHT TO A FAIR TRIAL DUE TO PROSECUTORIAL MISCONDUCT.
 IV. DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.
 I
Appellant maintains, in her First Assignment of Error, that R.C. 1533.71
is unconstitutionally vague. We disagree.
The portion of the statute appellant challenges provides as follows:
 Unless otherwise provided by division rule, any person desiring to engage in the business of raising and selling game birds, game quadrupeds, reptiles, amphibians, or fur-bearing animals in a wholly enclosed preserve of which the person is the owner or lessee, or to have game birds, game quadrupeds, reptiles, amphibians, or fur-bearing animals in captivity, shall apply in writing to the division of wildlife for a license to do so.
* * *
Appellant sets forth three main arguments in support of her vagueness argument. First, appellant contends R.C. 1533.71 fails to define fur-bearing. Second, appellant argues the Division of Wildlife failed to promulgate rules and regulations setting forth criteria for acceptance or rejection of license applications. Finally, appellant maintains that R.C. 1533.71 provides no First Amendment right to petition the government for a redress of grievances.
We overrule appellant's First Assignment of Error pursuant to the case of State ex rel. Collett v. Truax (1927), 117 Ohio St. 78, in which the Court held that G.C. 1436 (R.C. 1533.71) is a valid and constitutional act. The Circleville Municipal Court also addressed the constitutionality of R.C. 1533.71 in the case of Ohio Div. of Wildlife v. Clifton (1997),89 Ohio Misc.2d 1. The court concluded the statute was not unconstitutional or vague. Id. at 7. Accordingly, we conclude R.C. 1533.71
is not unconstitutionally vague.
Appellant's First Assignment of Error is overruled.
 II
Under her Second Assignment of Error, appellant contends she was denied due process of law when the trial court improperly admitted Exhibit 1 into evidence. We agree.
Exhibit 1 consists of two separate documents. The first part of this exhibit is a document entitled "Memorandum Division of Wildlife Law Enforcement Section — District Two." The memorandum is a facsimile sent on May 23, 2000, to Officer Wasilewski. The memorandum was directed to Susan Browning, Law Enforcement Secretary, Wildlife District Four, from Terry Sunderhaus, Law Enforcement Supervisor. The memorandum is dated May 23, 2000, and the subject is propagator permits. The memorandum provides as follows:
 I certify that Karen Bolden or Karen Gross, Route #1, Box #83A, Wingett Run, Ohio 45789, did not have on January 4, 2000 a permit for a raccoon as required by law on file at the Athens Wildlife Headquarters, and that on March 28, 2000 there is no such permit on file.
The second part of Exhibit 1 is also a facsimile, sent on May 23, 2000, on letterhead from the Division of Wildlife. This facsimile provides as follows:
 I, Susan Browning, am responsible for keeping Propagator permits for the Division of Wildlife, District 4 in Athens, Ohio. The attached is a true and accurate reflection of records as stated by me.
This facsimile is signed by Susan Browning, as Law Secretary, and notarized.
The admission or exclusion of relevant evidence rests within the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. Therefore, we will not disturb a trial court's evidentiary ruling unless we find said ruling to be an abuse of discretion. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. It is based upon this standard that we review appellant's Second Assignment of Error.
Appellant makes several arguments in support of this assignment of error. First, appellant contends she was not able to face and cross-examine her accuser because Exhibit 1 was not a certified copy and because Susan Browning, the keeper of this information, was not present to be cross-examined. Appellant also maintains Exhibit 1 violates Evid.R. 803(8) which addresses public records and reports as hearsay exceptions. In response, appellee contends Exhibit 1 is admissible under Evid.R. 803(8), Evid.R. 901(B)(1) and the case of State v. Colvin
(1969), 19 Ohio St.2d 86.
Before a document can be admitted into evidence, it must satisfy the requirements of authentication. State v. Smith (1989), 63 Ohio App.3d 71,74. In order to be admissible, documents require authentication in accordance with Evid.R. 901 or 902. Specifically, Evid.R. 901(A) provides:
 (A) General provision The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.
According to this provision, authentication or identification of evidence sought to be introduced is a condition precedent to admissibility. Appellee argues Exhibit 1 was authenticated pursuant to Evid.R. 901(B)(1), which provides:
 (B) Illustrations By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:
 (1) Testimony of witness with knowledge.
 Testimony that a matter is what it is claimed to be.
Appellee argues Officer Wasilewski authenticated Exhibit 1 by his experience and knowledge as a wildlife officer. Based upon our review of Officer Wasilewski's testimony, we disagree with this conclusion. Officer Wasilewski testified that he only maintains records for his territory, Richland County. He does not maintain records for District 4, which includes both Richland and Washington Counties. Tr. at 53, 71. Thus, Officer Wasilewski is not a witness with knowledge as to the records kept by Washington County. His knowledge is limited to Richland County. Therefore, Exhibit 1 could not be authenticated, by Officer Wasilewski, under Evid.R. 901(B)(1).
Both parties also argue the issue of admissibility under Evid.R. 803(8). This rule provides as follows:
 The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
* * *
(8) Public records and reports
 Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (a) the activities of the office or agency, or (b) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, unless offered by defendant, unless the sources of information or other circumstances indicate lack of trustworthiness.
Appellant claims Exhibit 1 was inadmissible under the above rule. However, appellee argues the trial court properly admitted Exhibit 1 under Evid.R. 803(8) as a public record of the activities of the Division of Wildlife.
As explained in Weissenberger's Ohio Evidence, Section 803.105:
 Subdivision (a) of Rule 803(8) permits proof of activities of a public office or agency by means of records. Foundational requirements for this exception are minimal, and where the record is properly authenticated pursuant to Article IX, it is assumed that responsible persons, acting in the course of their official duties, prepared and maintained accurate entries based upon reliable information.
In support of its argument that the trial court properly admitted Exhibit 1 under Evid.R. 803(8), appellee relies on the case of State v.Colvin, supra. In Colvin, the Ohio Supreme Court determined that the trial court properly admitted into evidence a certificate issued by the Secretary of the State Dental Board, under the seal of the board. Id. at syllabus. The Court concluded the admission of the certificate did not violate the defendant's right to confront a witness against him. Id. at 91.
The Colvin case is distinguishable from the case sub judice in that it involved a certificate issued under the seal of the State Dental Board and therefore, the document was self-authenticated pursuant to Evid.R. 902(1). A self-authenticated document does not require extrinsic evidence of authenticity as a condition precedent to admissibility. Exhibit 1 is not self-authenticated because it does not bear a seal. Thus, the exhibit was not admissible under Evid.R. 803(8) because it did not comply with the authentication requirements of Evid.R. 902(1). However, an argument may be made that Exhibit 1 is admissible under Evid.R. 902(8). This rule provides:
 Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:
* * *
(8) Acknowledged documents
 Documents accompanied by a certificate of acknowledgment executed in the manner provided by law by a notary public or other officer authorized by law to take acknowledgments.
The letter on the Division of Wildlife letterhead, which acknowledges that the memorandum is a true and accurate reflection of the records, is notarized and therefore, is a certificate of acknowledgment. However, as with the memorandum sent to Susan Browning, this certificate is merely a facsimile and although notarized, it does not bear the notary seal. Thus, the main issue is whether the state presented sufficient evidence to authenticate Exhibit 1 under Evid.R. 902(8).
The Fourth District Court of Appeals addressed a similar issue in the case of State v. Carter (Sept. 26, 2000), Ross App. No. 99CA2479, unreported. In Carter, the issue on appeal was whether the trial court properly admitted into evidence a photocopy of an affidavit, from the Department of Health, certifying the batch solution used to calibrate a breathalyzer machine. Id. at 2. The original affidavit had been photocopied, and the Department of Health certified the photocopy of the affidavit. Id. The certification on the back of the photocopied affidavit was also photocopied. Id.
The defendant objected to the admission of the photocopied affidavit issued by the Director of Health. Id. at 4. The defendant argued that the state was required to submit either a certified copy of the original affidavit or a witness who had compared the certificate with the original and who could testify as to the authenticity of the certificate. Id.
The trial court admitted the affidavit into evidence noting that the original had been presented in another case two days earlier and that the court was satisfied that the affidavit was inherently reliable. Id. On appeal, the court of appeals determined that the trial court improperly admitted the affidavit. Id. at 5. In reaching this conclusion, the court referred to Painter Looker, Ohio Driving Under the Influence Law (1999), T 13.10, 191, which provides:
 If the document is clearly inadmissible, no amount of authentication will render it admissible. Conversely, without proper authentication, what otherwise what [sic] would have been an admissible record cannot be allowed into evidence. Evidence Rule 1003 relates to the admissibility of duplicates, allowing them to be admitted in lieu of the original. However, it does not dispense with Evidence Rule 901, requiring that the duplicate be properly authenticated as a precondition to its admissibility. Id.
The court concluded that the affidavit was not self-authenticating under Evid.R. 902 because the certification on the back of the affidavit was a photocopy. Id. In applying this analysis from the Carter case, we conclude the letter on the Division of Wildlife letterhead is not self-authenticating because it is merely a facsimile or a copy of the original. Based upon the above analysis, we conclude the trial court abused its discretion when it admitted Exhibit 1 into evidence as it was not properly authenticated under either Evid.R. 901 or Evid.R. 902.
Appellant's Second Assignment of Error is sustained.
We will not address appellant's Third and Fourth Assignments of Error as we find them moot based upon our disposition of appellant's Second Assignment of Error.
For the foregoing reasons, the judgment of the Mansfield Municipal Court, Richland County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Mansfield Municipal Court, Richland County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
Pursuant to App.R. 24(A)(3), appellee shall pay costs in this matter.
Hon. William B. Hoffman, P. J. Hon. John W. Wise, J. Hon. John F. Boggins, J. concur.