OPINION
Edward and Vicki Goldshot were divorced in August 1996. Since that time the parties have been involved in extensive litigation involving child custody, visitation, and orders to pay medical expenses incurred by Vicki for their minor child.
In September 2000, Vicki filed a motion to hold Edward in contempt for failing to pay medical expenses as ordered. The magistrate made the following findings and conclusions of law after a hearing was conducted on November 27, 2000:
 BRANCH I of the defendant's motion requests a finding of contempt for failure to pay medical expenses as ordered. The parties are currently under a dependent health care order which requires the defendant to pay the first $100 per calendar year of medical, dental and optical expenses, and for the remaining the extraordinary medical, dental, optical and any psychological expenses to be shared 44% by the father and 56% by the mother from the date of the final decree, that is, August 19, 1996, through the modification of child support on January 27, 1999. Thereafter the dependent health care order of January 27, 1999, provided for the defendant to again pay the first $100 per calendar year of uninsured medical, dental and optical and for the parties to share the expenses in excess of $100 per year, that is, the extraordinary expenses for medical, dental, optical and all psychological expenses with the father paying 36% and the mother paying 64%.
 Since the plaintiff provides the health insurance for the minor child, the plaintiff contends that he does receive statements from the insurance company and knows what portion of the expenses are uninsured. The plaintiff claims that he has paid medical expenses over the years and the defendant claims he has not. It is difficult to tell from the defendant's documentation what reimbursement the plaintiff has made, if any. On one specific item, the defendant did pay for glasses for the minor child and the total cost was approximately $155. The insurance reimbursed $124.39. However, that reimbursement check was sent to the plaintiff, a fact he does not deny. It is the order of this magistrate that the plaintiff reimburse to the defendant forthwith the sum of $124.39.
 The defendant provided a series of exhibits summarizing health care expenses incurred for the minor child in the various years since the decree, subtracting from the uninsured health care expenses the first $100 per calendar year and then applying the percentages to determine the plaintiff's responsibility. For 1996, the defendant's Exhibit A indicates a reimbursement owed of $107.99; for 1997, the defendant's Exhibit A indicates reimbursement owed by the plaintiff of $364.28; for 1998, the defendant's Exhibit A indicates reimbursement owed by the plaintiff in the amount of $65.30; for 1999, the defendant's Exhibit A indicates reimbursement owed by the plaintiff of $30.70, and further refers to the amount that were already addressed with respect to the child's glasses. For 2000, the defendant's Exhibit A indicates reimbursement due of $196.68. These past due medical reimbursements total $734.25. The defendant is also requesting a proportional contribution by the defendant for an air purifier which was recommended by the doctor but is not covered by insurance. This expense was incurred on November 1, 2000 and the defendant is requesting reimbursement by the plaintiff of $655.20. In addition, the defendant is requesting payment by the plaintiff of his share of orthodontia expenses. The child is currently undergoing orthodontia treatment at the total cost of $4,200. Insurance will pay $1,500 and the plaintiff's 36% share is $972. The defendant is also requesting $3.79 late fee because her claims were rejected when the plaintiff did not notify the defendant of a change of insurance carriers. In total, the defendant is requesting reimbursement of $2,365.24.
 The plaintiff also introduced a series of exhibits. Plaintiff's Exhibit 2 appears to be an explanation of the annual deductible and the premiums paid. The premiums paid for health insurance are incorporated in the computation of child support and therefore are irrelevant to the issue before the court. Further, the deductible is part of the overall uninsured expenses and again, the level of the deductible, or whether or not it has been met, is irrelevant. Plaintiff's Exhibit 3 appears to be a billing for services rendered to Miranda Goldshot on April 13, 2000 indicating that the plaintiff did pay his 36% and that the balance owed by the defendant is $47.52. Plaintiff's Exhibit 4 is a billing from Pediatric Associates of Dayton for services rendered on April 19, 2000, which indicates that the "Dad came in to pay his portion of the patient balance due. The total portion due was $167.40. He paid $19.92 which is 36% with check No. 4536." This doesn't make any sense because 36% of the total amount due would actually be $60.26, however, the plaintiff is claiming that the defendant owes a portion of it. Plaintiff's Exhibit 5 indicates expenses incurred for certain well child visits and allergy injections. Plaintiff's Exhibit 8 indicates that there is a zero balance on services rendered by University Medical Services in June, 1999. Plaintiff's Exhibit 6 indicates that insurance paid $100 of a $297 bill for services rendered March 20, 2000. Handwritten statements indicate it is "unknown who or for what". Plaintiff's Exhibit 7 indicates 100% payment paid for services rendered on April 13, 2000 by Dayton Pediatric Imaging. Plaintiff's Exhibit 1 is a memo written by a third party concerning difficulties after the change of insurance coverage with respect to dental/orthodontia and immunization shots.
 This magistrate has determined that the exhibits introduced by the plaintiff that indicate some proportional payment of some uninsured medical expenses for the minor child are not duplicative of those medical expenses contained on the defendant's exhibits for which the defendant is seeking reimbursement. It is the further decision of this magistrate that the defendant is not entitled to 36% reimbursement for the air purifier. The defendant presented insufficient information which caused this magistrate to conclude that a purifying system for her home was a medical necessity or that it would be the type of expense that is contemplated under the dependent health care order issued pursuant to the Ohio statutory scheme. It is, therefore, the finding of this magistrate that the plaintiff's portion of unreimbursed medical, dental, and optical expenses through November 27, 2000 are $1,710.04. To assure reimbursement to the defendant, it is the further order of this magistrate that this medical expense be added as an arrearage to the child support account and reimbursed to the defendant at the rate of $100 per month until paid in full. It should be noted that the audit provided by the Support Enforcement Agency indicated an overpayment on the account as of 11-30-00 and if an overpayment remains in effect at the time this order is effective, that overpayment shall be used to diminish part of the arrearage being set on the account. Branch I of the plaintiff's motion requesting a finding of contempt is not well taken because there is insufficient evidence to find that demand had been made on the plaintiff for unreimbursed medical expenses. However, the plaintiff will be ordered to reimburse the defendant his portion of those medical expenses.
The magistrate then made the following recommendation which was adopted by the trial court in its order on January 17, 2001:
 As to Branch I pertaining to unreimbursed medical expenses, the plaintiff is hereby ordered to pay to the defendant the sum total of $1,710.04 in the manner herein described. The Support Enforcement Agency is hereby ordered to add a $1,710.04 arrearage on Account No. 7003499840 with said arrearage to be discharged at the rate of $100 per month. The Support Enforcement Agency shall offset part of this arrearage with any existing overpayment on the account. In addition, the plaintiff shall immediately, and no later than seven days of the effective date of this order, reimburse the defendant $124.39 for the cost of Miranda's glasses, that sum representing payment by the insurance company directly to the plaintiff.
 Hereafter, the plaintiff shall authorize all insurance payments be made directly to service providers.
 The plaintiff and defendant shall exchange all future outstanding health care expenses to each other every 90 days.
 In the event the plaintiff is able to prove that he has paid his share of the previously incurred uninsured medical expenses for the minor child, he would be entitled to a credit against the arrearage set herein. The matter is set for review for that purpose only before Magistrate Keith R. Hall, on Wednesday, February 28, 2001 at 9:00 a.m., 2nd Floor, Dayton-Montgomery County Courts Building, 301 W. Third Street, Dayton, Ohio. All parties are ordered to appear at that time.
Edward did not file objections to the magistrate's report and he did not appeal the trial court's judgment.
On May 14, 2001, Edward filed a motion to vacate the judgment of January 17, 2001. In the motion, Edward contended that the court set a review hearing in its January 17, 2001 judgment and in preparation for that hearing he discovered eight instances in which Vicki had submitted claims for medical or dental reimbursement which were inaccurate or false.
He contended that he was unrepresented at the November 27, 2000 hearing and needed the opportunity to defend Vicki's claims for reimbursement prior to "having to present evidence of credits to which he may be entitled." (See motion). Edward submitted an affidavit in support of his motion restating his averments in his motion. Specifically he stated he discovered that Vicki presented inaccurate testimony concerning her claims for medical reimbursement when insurance had paid directly or she had been reimbursed for said monies.
On July 26, 2001, the trial court overruled Edward's motion with the following statement:
 Plaintiff's 60(B) motion filed May 14, 2001 fails to state a meritorious defense. Instead, he alleges that he only recently "learned that there were at least eight (8) instances where the Defendant's claim for reimbursed money made in Court was inaccurate and false." Plaintiff's Motion, May 14, 2001 at 1. The magistrate's decision of January 17, 2001 specifically addressed each of the health care expense exhibits introduced by Vicki. Each exhibit was available to Edward and subject to his challenge during the hearing. Edward had the opportunity to cross examine Vicki as to each and every expense exhibit. The fact that he was not represented by counsel was his personal choice. He executed an advisement of rights and waived his right to an attorney on the very day of the hearing.
 Edward was afforded the opportunity to prove that he had paid his share of the medical expenses. MDPO at 5. A review hearing was set for February 28, 2001 for the sole purpose of providing Edward that opportunity. Id. As previously stated, the review hearing has been continued three times. The latest continuance was filed because he wished to wait until the court ruled on this motion to vacate the MDPO of January 17, 2001.
 Edward has raised no meritorious defense in his 60(B) motion nor is he entitled to relief under the grounds found in Civ.R. 60(B)(1) through (5). Plaintiff's 60(B) motion to vacate the MDPO is without merit.
Civ.R. 60(B) provides a mechanism whereby a party may obtain relief by motion from a judgment or order. The moving party must demonstrate that he has (1) a meritorious defense or claim to present if the relief is granted, (2) is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) has made the motion within a reasonable time. GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. The elements entitling a movant to Civ.R. 60(B) relief "are independent and in the conjunctive; thus, the test is not fulfilled if any one of the requirements is not met." Strack v. Pelton (1994), 70 Ohio St.3d 172,174. If the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civ.R. 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion. Kay v. Marc Glassman,Inc. (1996), 76 Ohio St.3d 18; Coulson v. Coulson (1983), 5 Ohio St.3d 12.
Edward's Civ.R. 60(B) motion sounds under division (B)(3) as it alleges
 "fraud . . . misrepresentation or other misconduct of an adverse party." The motion was filed within a reasonable time after entry of the judgment and well within the Rule's one-year requirement for motions filed pursuant to 60(B)(3). A Civ.R. 60(B)(3) motion for relief from judgment based on fraud, misrepresentation, or other misconduct by an adverse party ought to be granted where the court is reasonably well satisfied that the testimony by a material witness is false; that, without it, the trier of fact might have reached a different conclusion; and that the party seeking relief was taken by surprise when false testimony was given and was unable to meet it or did not know of its falsity under after trial. Caron v. Caron (Dec. 3, 1998), Franklin App. No. 98AP-369, unreported, at p. 4 (citing Abrahamsen v. Trans-State Exp., Inc. (C.A. 6, 1996), 92 F.3d 425, 428.
The trial court concluded, without a hearing, that Edward was not entitled to the requested relief because he had raised no meritorious defense to the judgment nor sufficient grounds under Civ.R. 60(B)(1) through (5). The trial court regarded Edward's right to cross examine Vicki as to the accuracy of her claimed medical expenses as providing sufficient means for him to uncover and present to the court any fraud or inaccuracy in her testimony.
We agree with Vicki that Civ.R. 60(B) is not an appropriate vehicle for relitigating the issues of how much Edward should pay Vicki for unreimbursed medical expenses. No appeal was taken from the January 17, 2001 judgment and Civ.R. 60(B) may not be used as a substitute for a timely appeal. Waspe v. Ohio State Dental Board (1985), 27 Ohio App.3d 13.
It is also true that it is within the sound discretion of the court whether to hold an evidentiary hearing on the Civ.R. 60(B) motion. Batesand Springer, Inc. v. Stalworth (1978), 56 Ohio App.2d 223.
In this case Edward has signed an affidavit stating that Vicki presented claims for medical reimbursement when she had already been reimbursed for said monies. He claims she committed a fraud upon him in doing so.
Although fraudulent testimony is sometimes discovered through effective cross-examination, sometimes it is not. Parties often cannot afford to pursue discovery in aid of their post-divorce motions. It is not clear how Edward "discovered" the alleged fraud. In any event, fraudulent conduct is a serious matter and the failure to discover it at the initial contempt hearing should not preclude Edward from pursuing Civ.R. 60 relief. We have never held that the movant must submit evidentiary material in support of his motion. Edward's affidavit is sufficient to require a hearing on his motion. Should his allegations be spurious, Vicki may of course pursue her remedies for attorney fees and costs. The assignment of error is sustained.
The judgment of the trial court is Reversed and Remanded for further proceedings.
WOLFF, P.J., and FAIN, J., concur.