LIBERTY BELL, INC., APPELLANT, *v.* THE STATE OF OHIO, DEPARTMENT OF TRANSPORTATION, APPELLEE.

(No. 3639—Decided December 29, 1986.)

*Samuel Petkovich,* for appellant.
*Anthony J. Celebrezze, Jr.,* attorney general, and *Mark G. Kelsey,* for appellee.

COOK, J. Liberty Bell, Inc. owns an outdoor billboard located at Interstate 80 and State Route 193 in Trumbull County, Ohio. The billboard is within twelve feet of the interstate highway. In late 1979 or early 1980, John A. Makar, Supervisor of the Advertising Device Control Section of the Ohio Department of Transportation, discovered that the billboard advertised off-premise businesses. In July 1983, Ray Plough, field representative of the Department of Transportation, contacted Dan Oljaca of Liberty Bell and informed him that the billboard was illegally located under the law. Plough also advised Oljaca that if he applied for a state permit based upon the present location, it would be denied.

Nonetheless, on August 2, 1983, Liberty Bell formally applied for a state permit for its billboard, advertising off-premise businesses, at Interstate 80 and State Route 193. The application was denied on March 29, 1985. The Director of Transportation also notified Liberty Bell to remove the advertising notice, or he would remove it pursuant to R.C. 5516.04.

Liberty Bell filed an appeal to the Trumbull County Common Pleas Court. It subsequently filed a motion, pursuant to R.C. 119.12, for a finding in its favor for failure of the Department of Transportation to file a record of the proceedings before the Director of Transportation. The Department of Transportation filed a motion to dismiss the appeal. After a hearing, the court overruled Liberty Bell's motion and granted the Department of Transportation's motion to dismiss.

Liberty Bell has appealed the judgment of the trial court and has filed the following three assignments of error:

"1. The trial court erred to the prejudice of appellant in entering judgment dismissing the appeal for lack of jurisdiction.

"2. The trial court erred to the prejudice of appellant in failing to grant appellant's motion for finding in favor of appellant.

"3. The trial court erred to the prejudice of appellant in entering judgment vacating its previous order of suspension of the execution of the order of the Director of Transportation for the removal of the advertising sign."

The first and second assignments of error are well-taken, but the third assignment of error is without merit.

R.C. 119.12, in pertinent part, provides:

"Any party adversely affected by any order of an agency issued pursuant to an adjudication * * * denying the issuance or renewal of a license * * * may appeal from the order of the agency to the court of common pleas of the county in which the place of business of the licensee is located or the county in which the licensee is a resident * * *."

A "license" is defined in R.C. 119.01(B) as follows:

" 'License' means any * * * permit * * * issued by any agency. * * *'"

We conclude Liberty Bell was entitled to file an appeal pursuant to R.C. 119.12 of the denial of its application for a permit for its billboard advertising off-premise businesses if the letter it received from the Department of Transportation denying its application for the permit constituted an adjudication by that agency.

The term "adjudication" is defined as follows in R.C. 119.01(D):

" 'Adjudication' means the determination by the highest or ultimate authority of an agency of the rights, duties, privileges, benefits, or legal relationships of a specified person, but does not include the issuance of a license in response to an application with respect to which no question is raised, nor other acts of a ministerial nature."

A "ministerial act," as defined in *Flournoy* v. *Jeffersonville* (1861), 17 Ind. 169, 174, was cited with approval in *State, ex rel. Trauger,* v. *Nash* (1902), 66 Ohio St. 612, 618, 64 N.E. 558, 559, and, in pertinent part, states:

" '* * * one which a person performs in a given state of facts, *in a prescribed manner,* in obedience to the mandate of legal authority, *without regard to, or the exercise of, his own judgment upon the propriety of the act being done.'* " (Emphasis added.)

R.C. 5516.061 controls advertising devices outside urban areas. Appellant sought a permit for a billboard that advertised off-premise businesses which was located within six feet of the right of way of an interstate highway outside an urban area. The determination

of whether to grant or deny such a permit required the Director of Transportation, the highest and ultimate authority as to the issuance of permits for advertising devices, to "exercise his own judgment."

We conclude that the letter from the Department of Transportation denying Liberty Bell's application for a permit was a final "adjudication" order as defined in R.C. 119.01(D) and could be appealed to the "court of common pleas of the county in which the place of business of the licensee is located or the county in which the licensee is a resident" pursuant to R.C. 119.12.

The trial court also dismissed appellant's appeal pursuant to R.C. 119.12 because it had not exhausted its administrative remedies.

R.C. 119.06, in pertinent part, provides:

" * * * No adjudication order shall be valid unless an opportunity for a hearing is afforded in accordance with sections 119.01 to 119.13 of the Revised Code. Such opportunity for a hearing shall be given before making the adjudication order except in those situations where this section provides otherwise.

"The following adjudication orders shall be effective without a hearing:

"(A) Orders revoking a license in cases where an agency is required by statute to revoke a license pursuant to the judgment of a court;

"(B) Orders suspending a license where a statute specifically permits the suspension of a license without a hearing;

"(C) Orders or decisions of an authority within an agency if the rules of the agency or the statutes pertaining to such agency specifically give a right of appeal to a higher authority within such agency [or] * * * to another agency, * * * and also give the appellant a right to a hearing on such appeal.

" * * *

"Every agency shall afford a hearing *upon the request of a person whose application for a license has been rejected and to whom the agency has refused to issue a license,* whether it is a renewal or a new license, unless a hearing was held prior to the refusal to issue such license." (Emphasis added.)

Where an agency issues an adjudication order, it is required to hold a hearing pursuant to R.C. 119.06 prior to issuing said adjudication order unless one of the enumerated exemptions to the statute is applicable. *Boys Town* v. *Brown* (1982), 69 Ohio St. 2d 1, 23 O.O. 3d 1, 429 N.E. 2d 1171. The order being appealed in the instant cause is not one of the enumerated exemptions to the prior-hearing requirement of R.C. 119.06.

A party affected by an adjudication order is not required to request the agency for a hearing after the issuance of the order in an attempt to exhaust its administrative remedies before appealing to the common pleas court. The agency is estopped to assert error based upon its own violations of the law and the common pleas court has subject matter jurisdiction of the appeal. *Ohio Liquid Disposal, Inc.* v. *Dawe* (1975), 46 Ohio App. 2d 197, 75 O.O. 2d 344, 347 N.E. 2d 541.

A party adversely affected by an adjudication order may not take advantage of the opportunity for a hearing guaranteed by R.C. 119.06. The fact that there was no hearing held prior to the issuance of the order nor request by the person adversely affected by the order does not change the fact that the order is an adjudication order or deprive the common pleas court of jurisdiction to determine an appeal of such adjudication order. *General Motors* v. *McAvoy* (1980), 63 Ohio St. 2d 232, 17 O.O. 3d 143, 407 N.E. 2d 527.

We conclude that appellant was

not required by R.C. 119.06 to request a hearing by the agency before appealing the adjudication order to the court of common pleas.

The trial court erred when it held that it had no jurisdiction of appellant's appeal.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings.

*Judgment reversed and
cause remanded.*

DAHLING, P.J., and FORD, J., concur.