HURST, Dir., Appellee.

v.

LIBERTY-BEL, INC. et al., Appellants.

[Cite as *Hurst v. Liberty–Bel, Inc.* (1997), 117 Ohio App.3d 138.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 95–T–5380.

Decided Jan. 2, 1997.

*Betty D. Montgomery,* Attorney General, and *Robert L. Schlatter,* Assistant Attorney General, for appellee.

*J. Walter Dragelevich* and *Robert L. York,* for appellants.

JOSEPH E. MAHONEY, Judge.

Appellants, Liberty–Bel, Inc. and Daniel Oljaca, appeal from a judgment of the Trumbull County Court of Common Pleas enjoining appellants from displaying

off-premises advertising on a billboard they own near Interstate 80. For the reasons that follow, we affirm the judgment of the trial court.

The facts pertinent to this appeal are as follows. Appellants are the owners of property located at 1600 East Liberty Street, in Liberty Township, Trumbull County, Ohio, lying across the street from Exit Ramp No. 229 of Interstate 80. Appellants own and maintain an advertising structure on the property located twelve feet from the right-of-way of the interstate highway.

In July 1983, sometime after the erection of the advertising structure, a field representative of the Ohio Department of Transportation ("ODOT") contacted Daniel Oljaca and informed him that the off-premises advertising appellants displayed on the billboard was illegally located under R.C. 5516.02. Nonetheless, on August 2, 1983, appellants formally applied for a state permit for their billboard.

On March 29, 1985, the Director of Transportation ("director") advised appellants that their application was disapproved because the billboard met none of the exceptions contained in R.C. 5516.02 (including that the advertising structure was not located in a commercial or industrial zone within any municipality) which would allow the sign to be located within six hundred sixty feet of the right-of-way of Interstate 80. The director also notified appellants that they had to remove the billboard within thirty days from the receipt of the notice or the director would have the sign removed pursuant to R.C. 5516.04.

Upon receiving the director's notice, appellants filed an appeal with the Trumbull County Court of Common Pleas. The trial court dismissed appellants' appeal after determining that ODOT's notice of March 29, 1985 was not an adjudication, and, thus, the trial court lacked jurisdiction to hear appellants' appeal. This court, in *Liberty Bell, Inc. v. Ohio Dept. of Transp.* (1986), 34 Ohio App.3d 267, 518 N.E.2d 32, reversed the judgment of the trial court and held the following: (1) that ODOT's notice of March 29, 1985 was a final adjudication order as defined in R.C. 119.01(D) and could be appealed to the court of common pleas pursuant to R.C. 119.12, and (2) that appellants, after the issuance of a final adjudication, were not required to request an administrative hearing to exhaust their administrative remedies.

On September 27, 1988, the director notified appellants that "[a]s you were previously advised, there is no advertising permit available [from] the State of Ohio for the off-premises signs you have created." The director further notified appellants to remove the entire advertising structure within thirty days. Appellants filed an appeal of this decision with the Franklin County Court of Common Pleas on October 11, 1988. This appeal was dismissed by the trial court for lack of jurisdiction on December 13, 1988 based, in part, upon the director's assertion that the notice issued on September 27, 1988 was not an "adjudication."

On July 19, 1989, and again on September 26, 1989, the director mailed letters to appellants, informing them that ODOT had again reviewed the applications for permits that appellants had submitted on August 2, 1983, and proposed to deny the applications. In each letter, the director notified appellants that, before any action upon their applications was effective, appellants had thirty days to request a hearing from ODOT, and that "[b]y requesting a hearing, my order concerning the issuance of permits will be deferred pending the outcome of the administrative hearing." Appellants never requested such a hearing.

On February 14, 1990, the director advised appellants by letter that their "request for advertising device permits has been denied after the company's failure to request a hearing within thirty days of my letter of notice dated September 26, 1989," and notified appellants to remove the entire advertising structure within thirty days. When appellants failed to remove their advertising structure as ordered, the director filed a "Complaint for Abatement of Nuisance and for Issuance of Injunction" with the Trumbull County Court of Common Pleas on May 22, 1990.

The cause came on for consideration before a referee [1] upon the stipulation of facts and joint exhibits submitted by the parties on January 31, 1992 and supplemental stipulations and exhibits submitted on March 20, 1992. On November 22, 1995, the referee, pursuant to Civ.R. 53, filed findings of fact and conclusions of law, and recommended that appellants be permanently enjoined from displaying off-premises advertising on the billboard they maintained next to the right-of-way of Interstate 80. Neither party, at any time, filed objections to the referee's decision. On November 27, 1995, the Trumbull County Court of Common Pleas filed its judgment entry adopting the referee's decision and permanently enjoined appellants from displaying off-premises advertising on the property.

Appellants now bring this appeal and raise the following two assignments of error:

"1. The court below erred to the prejudice of appellants in entering judgment enjoining appellants from displaying off-premises advertising upon their advertising device.

"2. The court below erred to the prejudice of appellants in entering judgment adopting the [referee's] decision prior to the expiration of fourteen days after the filing of the [referee's] decision."

---

1. The 1995 amendments to Civ.R. 53, effective July 1, 1995, changed the title of "referee" to "magistrate." This court is aware of the change, but chooses to adhere to the former title, as this action was filed prior to the amendment.

In their first assignment of error, appellants assert that the trial court erred in permanently enjoining appellants from displaying off-premises advertising upon their billboard. Appellants present four issues for review, which should have been argued as four separate assignments of error, within this first assignment of error.

First, appellants argue that the director's "notice" letter of July 19, 1989 was an adjudication and that appellants were not provided with the opportunity for a hearing on their permit applications. Specifically, appellants assert that the language in the director's letter of July 19, 1989 "proves beyond a doubt" that the director had already decided to deny appellants' permit application prior to advising appellants of their right to request a hearing. Furthermore, appellants argue that, based on this court's previous decision in *Liberty Bell, Inc. v. Ohio Dept. of Transp., supra,* the director was required to hold a hearing prior to issuing an adjudication order even though appellants never requested such a hearing. We disagree.

R.C. 119.01(D) defines an adjudication as "the determination by the highest or ultimate authority of an agency of the rights, duties, privileges, benefits, or legal relationships of a specified person."

R.C. 119.06 provides:

"No adjudication order shall be valid unless an *opportunity for a hearing* is afforded in accordance with sections 119.01 to 119.13 of the Revised Code. Such opportunity for a hearing shall be given before making the adjudication order except in those situations where this section provides otherwise.

" * * *

"(C) * * *

"Unless a hearing was held prior to the refusal to issue the license, every agency *shall afford a hearing upon the request of a person* whose application for a license has been rejected and to whom the agency has refused to issue a license, whether it is a renewal or a new license[.]" (Emphasis added.)

The director's letters of July 19, 1989 and September 26, 1989 do not constitute "adjudication orders" as defined in R.C. 119.01(D). Rather, the two letters indicated that the director's proposed denial was *preliminary* based upon ODOT's review of appellants' application and other relevant factual information. The letters also stated that the final determination would await the outcome of the hearing if requested, or, if no hearing was requested, the expiration of the time period in which to request one. The final adjudication of this matter did not occur until February 14, 1990, when, following appellants' failure to request a hearing on their permit application, the director informed appellants that their

request for advertising device permits had been denied. Furthermore, no evidence exists that the director had prejudged appellants' permit application and that any request for a hearing would have resulted, as appellants state in their reply brief, in a "hanging." See *Waspe v. Ohio State Dental Bd.* (1985), 27 Ohio App.3d 13, 16, 27 OBR 14, 16–17, 499 N.E.2d 337, 340 (stating that administrative proceedings carry a presumption of honesty and integrity).

As to appellants' claim that the director was required to hold a hearing before issuing an adjudication order, R.C. 119.06 clearly places an affirmative duty upon the person affected by the proposed agency action to request a hearing. Similarly, R.C. 119.07 states that, in cases where an agency is required to offer an opportunity for a hearing, the notice required by this section shall include "a statement informing the party that he is entitled to a hearing if he requests it within thirty days of the time of mailing the notice." Appellants failed to request, at any time, such a hearing.

Finally, appellants quote dicta from the first case this court decided between the parties that required the director to conduct a hearing, regardless of whether appellants requested such a hearing, prior to issuing an adjudication order. See *Liberty Bell, Inc. v. Ohio Dept. of Transp., supra.* In *Liberty Bell,* this court held that the common pleas court erred in dismissing appellants' appeal for lack of subject matter jurisdiction, as the director's letter of March 29, 1985 was an "adjudication," as defined in R.C. 119.01(D), and could be appealed to the court of common pleas pursuant to R.C. 119.12. This court further held that appellants were not required to request an administrative hearing after the issuance of an adjudication order in an attempt to exhaust its administrative remedies. Based on the actual holding in our earlier decision, appellants' attempt to further expand this decision, in contravention of the clear language of R.C. 119.06, is misplaced.

Appellants, in their second issue presented for review within their first assignment of error, argue that the director is estopped from asserting that his letter of February 14, 1990 is an adjudication. Appellants assert that the director's current position is inconsistent with an earlier position the director took before the Franklin County Court of Common Pleas that a September 27, 1988 notice letter was not an adjudication appealable pursuant to R.C. 119.12. Appellants assert that the director's later position induced appellants to incur expenses they otherwise would not have incurred.

Appellants' argument is based on a recent decision of the Tenth District Court of Appeals which applied the doctrine of promissory estoppel to bar a governmental agency, even in the exercise of a governmental function, from asserting a position contrary to an earlier position which induced reliance. *Pilot Oil Corp. v. Ohio Dept. of Transp.* (1995), 102 Ohio App.3d 278, 656 N.E.2d 1379. In *Pilot Oil,*

ODOT approved, on two separate occasions, the location of an advertising device. After the erection of the sign, ODOT again approved the location. Several years later, ODOT revoked this prior approval based in a revised interpretation of the law regarding on-premises advertising. The Tenth District Court of Appeals held as follows:

"[W]here (1) the state uses its discretion in the interpretation of a law or rule, (2) the state's interpretation is not violative of legislation passed by the General Assembly of Ohio, and (3) the elements of promissory estoppel are otherwise met, promissory estoppel may be employed to bar the state from asserting a contrary interpretation where the state had full opportunity to make an informed decision and, in fact, did make an informed decision." *Id.* at 283, 656 N.E.2d at 1382–1383.

The case *sub judice* is clearly distinguishable from the facts in *Pilot Oil.* There is nothing in the director's position, as argued before the Franklin County Court of Common Pleas, which would lead appellants to believe that the director was approving appellants' billboard. Rather, the lengthy record of proceedings in this case indicates a consistent position against the legality of appellants' billboard. Additionally, the record before this court fails to support appellants' claim that they incurred any loss as a result of the alleged reliance they placed in the arguments the director made before the Franklin County Court of Common Pleas. Consequently, ODOT is not estopped from asserting that its letter of February 14, 1990 was an adjudication.

Turning to appellants' third issue for review in their first assignment of error, appellants argue that R.C. 5516.02 violates the guarantees of equal protection provided by Section 2, Article I of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution.

R.C. 5516.02 states:

"No advertising device shall be erected or maintained within six hundred sixty feet of the edge of the right of way of a highway on the interstate system except the following:

"(A) Directional or other official signs or notices that are required or authorized by law;

"(B) Signs advertising the sale or lease of the property upon which they are located;

"(C) Advertising devices indicating the name of the business or profession conducted on such property or which identify the goods produced, sold, or services rendered on such property;

"(D) Advertising devices which are located in commercial or industrial zones traversed by segments of the interstate system *within the boundaries of incorporated municipalities* as such boundaries existed on September 21, 1959, which conform to regulations promulgated by the director of transportation, provided that no such sign or notice shall be erected or maintained until a permit is obtained as provided in section 5516.10 of the Revised Code." (Emphasis added.)

Appellants recognize that the Supreme Court of Ohio has ruled that the provisions of R.C. 5516.02 are "valid and constitutional in their general application." See *Ghaster Properties, Inc. v. Preston* (1964), 176 Ohio St. 425, 27 O.O.2d 388, 200 N.E.2d 328, paragraph nine of the syllabus. However, appellants state that no Ohio court has specifically ruled upon the constitutionality of R.C. 5516.02(D), which treats off-premises advertising on commercially zoned land within a municipality differently from off-premises advertising located on commercially zoned land outside a municipality. Appellants argue that this classification is arbitrary and violates constitutional guarantees of equal protection.

 Legislative enactments enjoy a presumption of validity and constitutionality. *Adamsky v. Buckeye Local School Dist.* (1995), 73 Ohio St.3d 360, 361, 653 N.E.2d 212, 213–214. Consequently, any challenged statute will not be invalidated unless the challenging party proves that the statute is unconstitutional beyond a reasonable doubt. *State v. Anderson* (1991), 57 Ohio St.3d 168, 171, 566 N.E.2d 1224, 1226–1227.

The appropriate standard for determining the validity of a statute under an equal protection challenge was stated by the Supreme Court of Ohio in *Fabrey v. McDonald Village Police Dept.* (1994), 70 Ohio St.3d 351, 639 N.E.2d 31:

"The standard for determining violations of equal protection is essentially the same under state and federal law. *Beatty v. Akron City Hosp.* (1981), 67 Ohio St.2d 483, 491, 21 O.O.3d 302, 307, 424 N.E.2d 586, 591–592, quoting *Kinney v. Kaiser Aluminum & Chem. Corp.* (1975), 41 Ohio St.2d 120, 70 O.O.2d 206, 322 N.E.2d 880. Where neither a fundamental right nor a suspect class is involved, a legislative classification passes muster if the state can show a rational basis for the unequal treatment of different groups. *Id.,* 67 Ohio St.2d at 492, 21 O.O.3d at 307, 424 N.E.2d at 592. The Supreme Court of the United States has articulated the test thus: 'A statutory discrimination will not be set aside if any state of facts reasonably may be conceived of to justify it.' *McGowan v. Maryland* (1961), 366 U.S. 420, 426, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393, 399. The court has alternatively stated that in the absence of a suspect class or fundamental right, legislative distinctions are invalid only if they bear no relation to the state's goals and no ground can be conceived to justify them. *Clements v. Fashing* (1982), 457 U.S. 957, 963, 102 S.Ct. 2836, 2843, 73 L.Ed.2d 508, 515." *Id.,* 70 Ohio St.3d at 353, 639 N.E.2d at 33.

■ As both parties correctly note in their briefs, neither a fundamental right nor a suspect classification is involved in the case *sub judice*. Consequently, R.C. 5516.02(D) will not violate guarantees of equal protection of the United States and Ohio Constitutions if there is a rational basis for the unequal treatment.

A rational justification for treating off-premises advertising within municipalities differently from other areas is Ohio's Home Rule Amendment, Section 3, Article XVIII of the Ohio Constitution. The Home Rule Amendment grants municipalities the powers of local self-government that other political subdivisions, such as townships, do not have. Municipalities have the authority to control outdoor advertising adjacent to interstates within city limits under home rule authority. *Weir v. Rimmelin* (1984), 15 Ohio St.3d 55, 15 OBR 151, 472 N.E.2d 341. Townships, such as Liberty Township in this case, do not have this authority, and treating billboards located within townships differently from those located within municipalities with home rule powers is rationally related to the attainment of the statutory goal of controlling outdoor advertising in areas adjacent to interstates. Consequently, we hold that R.C. 5516.02(D) does not violate the Equal Protection Clause of the United States and Ohio Constitutions.

Appellants, in their final issue presented for review within their first assignment of error, argue that R.C. 5516.02(D) violates the requirement of Section 26, Article II of the Ohio Constitution that all laws of a general nature shall have uniform operation throughout the state.

Section 26, Article II of the Ohio Constitution provides that "[a]ll laws, of a general nature, shall have a uniform operation throughout the State * * *." Appellants argue, citing *Put–In–Bay Island Taxing Dist. Auth. v. Colonial, Inc.* (1992), 65 Ohio St.3d 449, 605 N.E.2d 21, that R.C. 5516.02(D) does not have uniform operation throughout the state because it treats commercially zoned areas within municipalities differently from commercially zoned areas elsewhere.

In *Put–In–Bay*, the Supreme Court of Ohio determined that a law imposing an excise tax specifically on vendors making sales on "islands" in Ohio violated the uniform operation requirement of Section 26, Article II. The court said:

" '[U]niform operation throughout the state' means universal operation as to territory; it takes in the whole state. And, *as to persons and things, it means universal operation as to all persons and things in the same condition or category.* When a law is available in every part of the state as to all persons and things in the same condition or category, it is of uniform operation throughout the state." (Emphasis *sic.*) *Id.* at 451, 605 N.E.2d at 22, citing *State ex rel. Wirsch v. Spellmire* (1902), 67 Ohio St. 77, 86, 65 N.E. 619, 622.

■ Clearly, R.C. 5516.02(D) has universal operation in every territory in the state. No part of the state is excluded. Furthermore, R.C. 5516.02(D) applies to

every person or thing, in the same condition and category, within the state. Appellants' arguments to the contrary are devoid of merit.

Based on the foregoing, appellants' first assignment of error is without merit.

In their second assignment of error, appellants argue that, pursuant to Civ.R. 53(E), the trial court erred in failing to allow the parties fourteen days to file objections to the referee's decision before entering its judgment. In this case, the trial court adopted the referee's decision and entered judgment on November 27, 1995, five days after the referee's decision was filed on November 22, 1995.

Initially, we note that the current version of Civ.R. 53 prohibits a party from assigning as error the trial court's adoption of any finding of fact *or* conclusion of law unless that party files a formal objection to such finding or conclusion. The former version of Civ.R. 53, in effect in the instant appeal, prohibited a party only from assigning as error the trial court's adoption of a finding of fact unless an objection to the finding was made.

Appellants cite no error within the referee's findings of facts. Indeed, the parties submitted to the referee joint exhibits and stipulated to the facts. Consequently, as appellants' appeal is not barred for failure to object to the referee's conclusions of law and the parties stipulated to the facts in this case, it is difficult to imagine how appellants could have been prejudiced by the trial court's action.

Moreover, while Civ.R. 53(E)(3)(a), formally Civ.R. 53(E)(2), grants a party fourteen days from the filing of a referee's decision to file written objections, Civ.R. 53(E)(4)(c), formerly Civ.R. 53(E)(7), specifically permits a trial court to adopt a referee's decision and enter judgment without waiting the fourteen-day period for the parties to file timely objections. If the court does enter judgment during the fourteen-day period, an aggrieved party may still file timely objections to the referee's decision. Appellants never filed any objections to the referee's report. The timely filing of any objections would, as the rule indicates, operate as an automatic stay of execution of the court's judgment until the court addressed the objections and rendered a ruling thereon. As appellants failed to file objections to the referee's report, and the trial court properly followed Civ.R. 53(E), appellants' second assignment of error is without merit.

Based on the foregoing, the judgment of the trial court is affirmed.

*Judgment affirmed.*

CHRISTLEY and CACIOPPO, JJ., concur.

**148**

MARY CACIOPPO, J., retired, of the Ninth Appellate District, sitting by assignment.