OPINION
{¶ 1} Defendant-appellant, Fannin Realty, Inc. ("Fannin Realty" or "corporation"), appeals from the October 12, 2001 judgment entry of the Franklin County Municipal Court adopting the October 3, 2001 magistrate's decision awarding plaintiff-appellee, Daniel Clendenen, $2,074.31 plus court costs, and interest. For the reasons that follow, we affirm the judgment of the trial court.
{¶ 2} Fannin Realty is an Ohio corporation that owns and/or manages real estate. Beginning on July 9, 2000, Fannin Realty employed appellee as the corporation's property manager. As a benefit of his employment with Fannin Realty, appellee was entitled to paid vacation based on the number of weeks he worked.
{¶ 3} On April 12, 2001, the president of the corporation, Larry Fannin, fired appellee. At the time appellee was terminated, appellee had worked for the corporation for 38 weeks. According to the corporation's vacation policy, appellee was entitled to three days of vacation. Appellee had not used any of his vacation days, but was scheduled to take those vacation days beginning April 13, 2001.
{¶ 4} On May 17, 2001, appellee filed a small claims action against Fannin Realty alleging that the corporation owed appellee $1,211.56 for nine days he worked, $403.86 for three days of vacation pay, and $458.89 reimbursement for expenses appellee incurred in the scope of his employment, for a total of $2,074.31.
{¶ 5} The matter was initially set for a hearing on June 21, 2001, but was continued to July 17, 2001 to allow Fannin Realty time to retain counsel. At the July 17 hearing, both parties appeared without counsel. The magistrate determined that appellee had proved by a preponderance of the evidence that he worked nine days, and incurred expenses, and was entitled to vacation pay. The magistrate held that the corporation was liable to appellee for unpaid wages, vacation pay, and expenses, totaling $2,074.31.
{¶ 6} On October 12, 2001, the trial court adopted the October 3, 2001 magistrate's decision, and entered judgment for appellee. On October 26, 2001, Fannin Realty filed a Civ.R. 60(B) motion for relief from judgment. However, there is no evidence in the record that the trial court ruled on Fannin Realty's Civ.R. 60(B) motion. Fannin Realty appeals from the October 12, 2001 judgment entry, assigning the two following assignments of error:
{¶ 7} "Assignment of Error No. I:
{¶ 8} "The Franklin County Municipal Court erred when Judge Liston by judgment entry signed on October 9, 2001 and filed on October 12, 2001, adopted the magistrate's decision filed on October 3, 2001, thereby denying defendant-appellant the legally mandated and required 14 day period for filing objections to the magistrate's decision.
{¶ 9} "Assignment of Error No. 2:
{¶ 10} "The Franklin County Municipal Court erred and/or abused its discretion when Magistrate Jump refused to grant the defendant-appellant a continuance of the July 17, 2001, hearing to allow the defendant-appellant the opportunity to retain and have legal counsel present at the hearing."
{¶ 11} In its first assignment of error, Fannin Realty contends that it was not afforded the required 14-day period to file objections to the magistrate's decision before the trial court adopted the magistrate's decision. Fannin Realty argues that when the trial court adopted the magistrate's decision within nine days, the corporation's rights were prejudiced. At oral argument, Fannin Realty contends that the corporation did not file objections because the corporation did not retain counsel of record until the expiration of the 14-day period to file objections.
{¶ 12} Our standard of review when reviewing an appeal from a decision of a trial court adopting a magistrate's decision under Civ.R. 53(E)(4) is whether the trial court abused its discretion. George Thomas Contractor, Inc. v. Hackmann (Mar. 8, 2001), Franklin App. No. 00AP-877. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. B lakemore (1983), 5 Ohio St.3d 217,219.
{¶ 13} "Within fourteen days of the filing of a magistrate's decision, a party may file written objections to the magistrate's decision." Civ.R. 53(E)(3)(a). Although Civ.R. 53(E)(3)(a) provides a party 14 days to file objections, Civ.R. 53(E)(4)(c) specifically allows the trial court to adopt a magistrate's decision immediately without waiting for objections to be filed: "[t]he court may adopt a magistrate's decision and enter judgment without waiting for timely objections by the parties, but the filing of timely written objections shall operate as an automatic stay of execution of that judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered."
{¶ 14} In this case, Michael Fannin, a representative of Fannin Realty, appeared at the June 21 hearing to request a continuance from the trial court to allow the corporation time to retain legal representation. The trial court granted Fannin Realty's request for the continuance. However, at the rescheduled hearing date of July 17, 2001, Charles Smith, a representative of the corporation, appeared requesting a second continuance because the corporation had not retained counsel. Fannin Realty contended that counsel was not retained due to miscommunications within the corporation. Concluding that Fannin Realty had ample time to retain counsel, the trial court denied the corporation's second oral request for a continuance and proceeded with the trial that day.
{¶ 15} On September 28, 2001, the magistrate made his ruling and, on October 3, 2001, filed his decision. On October 9, 2001, the judge signed the judgment entry and, on October 12, 2001, the judgment entry was filed and mailed to both appellee and the corporation.
{¶ 16} Since the magistrate's decision was filed on October 3, 2001, Fannin Realty's objections were required to be filed on/or before October 17, 2001, 14 days later. Although the trial court adopted the magistrate's decision on October 12, 2001, nine days after the magistrate's decision was filed, Civ.R. 53(E)(4)(c) afforded Fannin Realty a total of 14 days to file objections and effect the automatic stay provision of the rule. Therefore, Fannin Realty had five days to file objections, which would have suspended the trial court's judgment entry until it ruled on the objections. See Hurst v. Liberty-Bel, Inc. (1997), 117 Ohio App.3d 138; Seminatore v. Climaco, Climaco, Seminatore, Lefkowitz and Garofoli, Cuyahoga App. No. 78931, 2002-Ohio-3892; Simms v. Simms (Mar. 27, 1998), Portage App. No. 97-P-0005.
{¶ 17} Therefore, by failing to file objections, Fannin Realty waived its right to appeal the trial court's adoption of the magistrate's decision before the 14 days had run. Civ.R. 53(E)(3)(b) states: "* * * A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." See, also, State ex rel. Booher v. Honda of Am. Mfg., Inc. (2000), 88 Ohio St.3d 52, 53-54. Fannin Realty's failure to file objections to the magistrate's decision in accordance with Civ.R. 53 precludes Fannin Realty from challenging the trial court's premature adoption of the magistrate's decision on appeal. See Still v. Still, Franklin App. No. 01AP-1082, 2002-Ohio-3358 (appellant's failure to raise an objection to the magistrate's decision at the trial level precluded him for raising the issue on appeal). State v. Comen (1990), 50 Ohio St.3d 206. As such, we are precluded from reaching the merits of Fannin Realty's second assignment of error, as Fannin Realty's failure to file objections is dispositive of the corporation's remaining assignment of error. Accordingly, Fannin Realty's first assignment of error is not well-taken and is overruled.
{¶ 18} Pursuant to App.R. 12(A)(1)(c), this court's disposition of Fannin Realty's first assignment of error renders the second assignment of error moot and, accordingly, it will not be addressed.
{¶ 19} For the foregoing reasons, we overrule Fannin Realty's first assignment of error, render moot its second assignment of error, a nd affirm the judgment of the Franklin County Municipal Court.
Judgment affirmed.
PETREE and DESHLER, JJ., concur.