OPINION
{¶ 1} Plaintiff-appellant, Darlene Davis, appeals from the June 18, 2002 judgment entry of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, adopting and approving the magistrate's decision dismissing appellant's Motion to Award Child Support and to Order Payment. For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} On May 29, 2002, a hearing was held before a magistrate upon appellant's July 10, 2001 motion for back child support for the period of March 1983 to April 1996 for Lemia Davis, born March 15, 1983. Appellant is Lemia's biological mother. Lenell Gray ("appellee"), signed the birth certificate. Both parties appeared at the hearing with their respective counsel.
 {¶ 3} In 1996, appellant sought establishment of support. In 1999, a proceeding was held to modify support. In 2001, support was terminated when Lemia reached the age of majority and graduated from high school.[1]
 {¶ 4} On June 18, 2001, the magistrate dismissed appellant's motion concluding that appellant had previous opportunities in 1996, 1999, and 2001 to seek back child support for the 18-year period, but failed to take advantage of the opportunities. The magistrate noted that seeking back support for such a period prejudices appellee. Furthermore, the magistrate held that appellant did not present any evidence of the financial need of the child or the resources of the parents from 1983 to 1996.
 {¶ 5} On the same day the magistrate rendered his decision, the trial court adopted and approved the decision. It is from this entry that appellant appeals, assigning the following as error:
 {¶ 6} "1. The trial court erred in approving the decision of the magistrate and making it a court order prior to the fourteen (14) day time for objections to be filed.
 {¶ 7} "2. The trial court erred in adopting the magistrate's decision on the same day that the decision was filed thereby denying the Plaintiff Appellant the right to object to the findings of the magistrate."
 {¶ 8} Appellant's first and second assignments of error are interrelated, and will be discussed together. Our standard of review when reviewing an appeal from a decision of a trial court adopting a magistrate's decision under Civ.R. 53(E)(4) is whether the trial court abused its discretion. George Thomas Contractor, Inc. v. Hackmann (Mar. 8, 2001), Franklin App. No. 00AP-877. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 9} "Within fourteen days of the filing of a magistrate's decision, a party may file written objections to the magistrate's decision." Civ.R. 53(E)(3)(a). Although Civ.R. 53(E)(3)(a) provides a party 14 days to file objections, Civ.R. 53(E)(4)(c) specifically allows the trial court to adopt a magistrate's decision immediately without waiting for objections to be filed: "[t]he court may adopt a magistrate's decision and enter judgment without waiting for timely objections by the parties, but the filing of timely written objections shall operate as an automatic stay of execution of that judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered. * * *"
 {¶ 10} In this case, while the trial court adopted the magistrate's decision on the same day the decision was filed, appellant was required to file her objections on or before July 2, 2001, 14 days later. Civ.R. 53(E)(4)(c) afforded appellant a total of 14 days to file objections and affect the automatic stay provision of the rule. Therefore, appellant had 14 full days to file objections, which would have suspended the trial court's judgment entry until it ruled on the objections. See Hurst v. Liberty-Bel, Inc. (1997), 117 Ohio App.3d 138; Seminatore v. Climaco, Climaco, Seminatore, Lefkowitz Garofoli, Cuyahoga App. No. 78931, 2002-Ohio-3892; Simms v. Simms (Mar. 27, 1998), Portage App. No. 97-P-0005. Appellant failed to do so. Therefore, by failing to file objections, appellant waived error on appeal from the trial court's judgment.
 {¶ 11} Civ.R. 53(E)(3)(b) states:
 {¶ 12} "* * * A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
 {¶ 13} See, also, State ex rel. Booher v. Honda of Am. Mfg., Inc. (2000), 88 Ohio St.3d 52, 53-54. Appellant's failure to file objections to the magistrate's decision in accordance with Civ.R. 53 precludes appellant from challenging the trial court's adopting the magistrate's findings and conclusions on appeal. See Still v. Still, Franklin App. No. 01AP-1082, 2002-Ohio-3358 (appellant's failure to raise an objection to the magistrate's decision at the trial level precluded him from raising the issue on appeal); Clendenen v. Fannin Realty, Inc., Franklin App. No. 01AP-1295, 2002-Ohio-4548; State v. Comen (1990),50 Ohio St.3d 206. Accordingly, appellant's first and second assignments of error are not well-taken.
 {¶ 14} For the foregoing reasons, we overrule appellant's first and second assignments of error, and affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.
Judgment affirmed.
BRYANT and KLATT, JJ., concur.
[1] Appellant's motion was filed four months after Lemia reach 18, and one month after she graduated from high school.