{¶ 13} I respectfully dissent.
 {¶ 14} The dispositive issue in this case is not whether the lower court could use a nunc pro tunc order to add an effective date to its June 21, 2002 judgment entry. Rather, the fundamental issue is whether the court below could make its June 21, 2002 judgment entry retroactive to the May 22, 2002 magistrate's decision or the magistrate's May 10, 2002 hearing.
 {¶ 15} A magistrate's decision only becomes effective when adopted by the trial court. Civ.R. 53(E)(4)(a); In re Smith, 11th Dist. No. 2000-G-2321, 2001-Ohio-8753, 2001 Ohio App. LEXIS 5426, at *9 ("a magistrate's decision becomes effective only when adopted by a trial court"); Provchy v. Casteel (Aug. 9, 2000), 9th Dist. No. 19858, 2000 Ohio App. LEXIS 3567, at *6 ("[t]he magistrate's decision is only effective when the trial court adopts it"); AAA Pipe Cleaning Corp. v.Arrow Uniform Rental, Inc. (July 22, 1999), 8th Dist. No. 74215, 1999 Ohio App. LEXIS 3381, at *4 ("Civ.R. 53[(E)(4)(a)] states that a magistrate's decision only becomes effective when adopted by the court"); In re Gibbs (Mar. 13, 1998), 11th Dist. No. 97-L-067, 1998 Ohio App. LEXIS 997, at *11 ("a magistrates decision only becomes effective when adopted by the court").[3]
 {¶ 16} The trial court may not circumvent this rule by asserting, nunc pro tunc, "that at least as of the date of the May 10 hearing, there was clear and convincing evidence that Donald Peck was incompetent." Cf.Lough v. Lough, 5th Dist. Nos. 03CA93 and 03CA104, 2005-Ohio-79, at ¶ 39
("the Magistrate's recommendation * * * was only a recommendation to the trial court, not an order or ruling").
 {¶ 17} In cases involving magistrates, the trial court may give the magistrate's decision immediate effect by adopting the decision promptly after it is issued. Hurst v. Liberty-Bel, Inc. (1997),117 Ohio App.3d 138, 147 ("Civ.R. 53(E)(4)(c) * * * specifically permits a trial court to adopt a referee's decision and enter judgment without waiting the fourteen-day period for the parties to file timely objections"); Marino v. Painter (Aug. 6, 1999), 11th Dist. No. 98-T-0031, 1999 Ohio App. LEXIS 3606, at *2 n. 1 ("the trial court was free to adopt immediately the magistrate's decision as an order of the court").
 {¶ 18} Although the filing of objections by a party "shall operate as an automatic stay of execution of that judgment," the trial court is authorized to "make an interim order on the basis of a magistrate's decision [not to exceed twenty-eight days from the date of entry] * * * without waiting for or ruling on timely objections by the parties where immediate relief is justified." Civ.R. 53(E)(4)(c). If the decisions of magistrates were effective from the date of their issuance or the magistrate's hearing, there would be no need for the Civil Rules to provide that (1) "[t]he court may adopt a magistrate's decision and enter judgment without waiting for timely objections by the parties," (2) the filing of objections stays execution of the judgment; and (3) the court may make an interim order. Civ.R. 53(E)(4)(c). See Brown v. Cummins
(1997), 120 Ohio App.3d 554, 556 ("the magistrate has no authority to find that immediate relief is justified and that his decision is to be an interim order effective immediately[;] * * * [t]his is the judge's decision to make").
 {¶ 19} The Civil Rules simply do not provide for or permit a trial court to adopt a magistrate's decision retroactively to a prior date. To hold otherwise would either ignore Civ.R. 53(E)(4)(a) and Civ.R. 53(E)(4)(c) or render these provisions in the Civil Rules a complete nullity.
 {¶ 20} In the present case, the trial court adopted the magistrate's decision on June 21, 2002. Pursuant to Civ.R. 53(E)(4)(a), June 21, 2002 is the date that the decision became "effective."[4] If the lower court wanted to make its ruling effective as of an earlier date, the magistrate should have issued recommendations sooner and the court could have adopted the recommendations as soon as they were issued. When objections were filed on June 4, 2002, which would have stayed execution of the judgment, the court could have and should have issued an "interim order" adjudicating Peck incompetent. In the absence of such actions, the magistrate's order became effective on June 21, 2002, and the lower court had no power or authority to declare by judicial fiat that its June 21, 2002 judgment entry was retroactively effective "at least as of the date of the May 10 hearing."
 {¶ 21} This court has held that "[t]he purpose of a nunc pro tunc
order is to have the judgment of the court reflect its true action. The power to enter a judgment nunc pro tunc is restricted to placing upon the record evidence of judicial action which has actually been taken. * * * It is not made to show what the court might or should have decided, or intended to decide, but what it actually did decide." Herman v. Herman
(Mar. 28, 1997), 11th Dist. No. 96-P-0194, 1997 Ohio App. LEXIS 1223, at *3, quoting McKay v. McKay (1985), 24 Ohio App.3d 74, 75.[5]
 {¶ 22} In the present case, the magistrate did not make any specific findings regarding the date or length of Peck's incompetency. The trial court's June 21, 2002 judgment entry is silent regarding the date or length of Peck's incompetency. The court cannot change this situation through its September 23, 2003 nunc pro tunc entry.
 {¶ 23} In light of Civ.R. 53(E)(4)(a) and (c) and the settled law regarding nunc pro tunc orders, the decision of the Lake County Court of Common Pleas, Probate Division, should be reversed.
[3] It is precisely for this reason that trial courts are empowered to issue temporary restraining orders and preliminary injunctions — so that the status quo can be maintained until the court issues its final judgment; Crestmont Cadillac Corp. v. General Motors Corp., 8th Dist. No. 83000, 2004-Ohio-488, at ¶ 26 ("[t]he primary goal of preliminary injunctive relief is to preserve the status quo pending final determination of the matter"); In re Estate of Georskey (July 20, 2001), 11th Dist. No. 2000-G-2299, 2001 Ohio App. LEXIS 3287, at *4 ("a temporary restraining order is * * * employed to preserve the status quo
of a case").
[4] Prior to June 21, 2002, Peck is presumed competent. Buzzard v.Pub. Emp. Retirement System of Ohio (2000), 139 Ohio App.3d 632, 637
("An individual who has not been adjudicated as mentally incompetent in a court of law is presumed to be in fact competent.") (citation omitted). Under R.C. 2111.02(B)(3), the probate court is also authorized to, ex parte, "issue any order it considers necessary to prevent injury to the person or estate * * * of the * * * incompetent."
[5] In George v. Sullivan (C.A.6, 1990), 909 F.2d 857, the Sixth Circuit rejected the efforts of a social security benefits claimant to amend the final date of a divorce decree through a nunc pro tunc order. Id. at 861-862 (see, also, the cases cited therein discussing the proper purposes of nunc pro tunc orders).