NIAM INVESTIGATIONS, INC., Appellee,

v.

**GILBERT et al., Appellants.**

[Cite as *Niam Investigations, Inc. v. Gilbert* (1989), 64 Ohio App.3d 125.]

Court of Appeals of Ohio,
Summit County.

No. 14050.

Decided Sept. 20, 1989.

*Gary L. Himmel,* for appellee.

*Edward L. Gilbert, pro se,* and *Darlene E. Odar,* for appellants.

CACIOPPO, Presiding Judge.

Niam Investigations, Inc. ("Niam") sued Pamela Semilia and her attorney, Edward L. Gilbert, alleging breach of contract. Gilbert cross-claimed against Semilia. On December 16, 1988, the Akron Municipal Court filed and mailed a notice to Gilbert that trial was set for January 26, 1989. Gilbert was both attorney and defendant in the case. On December 14, 1988, the United States District Court for the Southern District of Ohio filed and mailed a notice to Gilbert that the *Marsh v. Arns* criminal trial was set for January 23, 1989. Gilbert was an attorney in the *Marsh* case. The *Marsh* trial commenced January 25, 1989. Gilbert contends that his secretary telephoned the Akron Municipal Court on January 25, 1989, to inquire as to the status of the *Niam* trial. She was allegedly prepared to request a continuance since Gilbert was to be in court on the *Marsh* case. She did not request a continuance, however, upon allegedly being told by the judge's clerk that a pretrial and motion hearing, rather than a trial, was going forward on January 26, 1989.

Attorney Walker, who was covering certain matters for Gilbert while he was out of town, appeared on Gilbert's behalf in Akron Municipal Court on January 26, 1989. At the opening of trial, Attorney Walker moved for a continuance on the grounds that Gilbert was in the *Marsh* trial. The court overruled the motion and commenced trial. Niam, the plaintiff's only witness, testified. Attorney Walker cross-examined Niam. After the plaintiff had presented its case in chief, the court recessed for the day noting that Gilbert was not available to present his case. In an effort to accommodate Gilbert,

the court permitted Attorney Walker to consult with Gilbert before scheduling a date that the trial would resume. After consulting with Gilbert, Attorney Walker indicated that Gilbert was available on February 2, 1989. Trial was set for that day.

Akron Municipal Court filed and mailed a notice to Gilbert that the *Niam* trial was set for February 2, 1989. When the court reconvened on February 2, 1989, Attorney Walker moved for a continuance. He based his motion on the assertion that Gilbert was in trial, even though the *Marsh* verdict had been returned on the previous evening. The court overruled Walker's motion because it was not made at a reasonable time. The court granted Niam's motion for judgment. Gilbert appeals.

"Assignment of Error

"The trial court's denial of Appellant's January 26, 1989 motion for a continuance violated Mun.Ct.R.Sup. 16(B) and Appellant's due process rights as guaranteed by the 14th Amendment to the United States Constitution and Article I, Section 16, of the Ohio Constitution, all to Appellant's prejudice."

Gilbert asserts that he was denied due process of law when the trial court overruled his motion for continuance made at trial by Attorney Walker, who was covering certain matters for Gilbert while Gilbert was in another trial. Gilbert argues that he was not given reasonable notice that the trial was going forward on January 26, 1989, because the trial judge's clerk told Gilbert's secretary that a pretrial and motion hearing rather than a trial was to go forward that day. Relying on the clerk's statement, Gilbert sent Attorney Walker to represent him at what he believed would be a pretrial and motion hearing.

The issue presented is whether the trial court abused its discretion in denying Gilbert's motion for a continuance under the facts of this case. This court has carefully examined the record and finds that the trial court did not abuse its discretion in denying the motion for continuance.

The granting of a continuance is a matter within the discretion of the trial court, and will be disturbed on appeal only for an abuse of discretion. *State v. Beuke* (1988), 38 Ohio St.3d 29, 36–37, 526 N.E.2d 274, 282–283; *State v. Sowders* (1983), 4 Ohio St.3d 143, 144, 4 OBR 386, 387, 447 N.E.2d 118, 120. An abuse of discretion is more than an error of law or judgment, but it implies an attitude on the part of the trial judge that is unreasonable, arbitrary or unconscionable. *Ruwe v. Bd. of Springfield Twp. Trustees* (1987), 29 Ohio St.3d 59, 61, 29 OBR 441, 443, 505 N.E.2d 957, 959. In determining when a trial court has abused its discretion in granting or denying a motion for a continuance, the Ohio Supreme Court set out a test in *State v. Unger* (1981),

67 Ohio St.2d 65, 21 O.O.3d 41, 423 N.E.2d 1078. The test balances the court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice against any potential prejudice to the defendant. *Id.* at 67, 21 O.O.3d at 43, 423 N.E.2d at 1080. Objective factors which may be considered by a judge in assessing the propriety of a motion for continuance include "the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case." *Id.* at 67–68, 21 O.O.3d at 43, 423 N.E.2d at 1080.

■ After considering the facts and circumstances existing at the time of the request for the continuance, this court finds that the trial court did not abuse its discretion in refusing to grant a continuance at the opening of trial on January 26, 1989. Gilbert knew or should have known that he had a trial conflict when he received the trial notices in mid-December and he certainly should have known of the conflict when the *Marsh* trial commenced on January 25. Mun.Ct.Sup.R. 16(B) provides that a trial court may grant a continuance when counsel is scheduled to appear in another case assigned for trial on the same day. Mun.Ct.Sup.R. 16(A) provides in part:

"No party shall be granted a continuance of a trial or a hearing without a written motion from the party or his counsel stating the reason for the continuance."

Gilbert did not make his motion properly. He should have filed a written motion of continuance. Additionally, the other parties to the case and their respective attorneys were present and ready to go forward on the trial date. Although Gilbert claims that court personnel contributed to his need for a continuance by causing him confusion, there is nothing in the record to support these facts. This court may not consider them now.

The trial court, in effect granted Gilbert a continuance at the close of Niam's case. To ensure that Gilbert would have an opportunity to be heard, the court reset the trial for a second trial date. Gilbert chose the second trial date of February 2, 1989. He had the opportunity to present his case and examine and cross-examine witnesses. However, Gilbert failed to appear on the second trial date.

In summary, the trial court's denial of Gilbert's motion for a continuance at the opening of trial on January 26, 1989 was not so arbitrary as to violate due

process. Gilbert's assignment of error is overruled. The decision of the trial court is affirmed.

*Judgment affirmed.*

BAIRD and HINES, JJ., concur.

ROBERT B. HINES, J., of the Probate and Juvenile Courts of Holmes County, sitting by assignment.