OPINION
Danielle Kriest (formerly Danielle Gross) appeals the judgment of the Trumbull County Court of Common Pleas, Juvenile Division, which terminated her parental rights and granted permanent custody to the Trumbull County Children Services Board ("CSB") of the six children to which Kriest had custody.
Appellant and David Kriest are the natural parents of two children, born July 10, 1995 and July 1, 1994. She and David Gross are the natural parents of two children, born October 22, 1991 and November 9, 1990. She is the custodial parent of two additional children, born February 20, 1986 and October 17, 1983, who were the natural children of Deborah Tonti and David Kriest. Appellant is the only parent who is a party to this appeal because: Deborah Tonti has done nothing to contest the within proceedings; David Gross voluntarily surrendered his parental rights during the proceedings; and, David Kriest failed to properly preserve his right to appeal by failing to timely file objections to a magistrate's decision.
The CSB originally became involved in this matter, upon referral from Pennsylvania, when the Kriests moved into Trumbull County. On July 25, 1995, the CSB filed a complaint alleging that the children were dependent and had been subject to physical and sexual abuse and asked the court to grant temporary custody and protective supervision. On September 25, 1995, the trial court adjudicated the children dependent, approved a case plan submitted by the CSB, and placed the children in the temporary custody of appellant, pursuant to the case plan. The case plan listed as objectives: that appellant and Mr. Kriest were to get psychological evaluations; that they were to get marital counseling; that they were to maintain suitable housing for the children, with working utilities; and, that they budget their money so that they could pay their bills. The case plan was to be modified and re-approved every six months.
On October 18, 1995, appellant voluntarily placed her four children with the CSB because, according to her, she was having trouble handling all six children at the time and her housing was substandard. On October 25, 1995, Mr. Kriest voluntarily placed his two children with the CSB. The CSB placed the children in foster homes. On October 26, 1995, the Kriests left Ohio and relocated to the Myrtle Beach, South Carolina area in order to obtain better employment and to make a fresh start. They did not explain to the children why they left Ohio.
On May 10, 1996, due to appellant's failure to comply with the case plan, the CSB moved the court to modify the plan and to grant it permanent custody. A hearing was originally scheduled for October 25, 1996, but was continued at least three times upon motion by appellant.
In order for South Carolina to consider allowing the placement of the children with appellant, South Carolina required that a home study be completed to determine if her housing was suitable. They also required proof that appellant had completed the objectives of the Ohio CSB case plan, including records from her and Mr. Kriest's counseling sessions. Appellant never signed a release provided by the CSB to allow the release of the counseling records; therefore, South Carolina never completed the home study. Many of appellant's continuance requests were to allow for the completion of the home study; she also missed a hearing because she did not have reliable transportation to travel to Ohio.
In March and April of 1997, the attorneys for appellant and David Kriest independently moved the court to withdraw as counsel due to their inability to contact their clients. Appellant and Mr. Kriest changed residences in South Carolina at least twice, and did not promptly notify the CSB. The CSB was only able to obtain appellant's most current address from a return address on an envelope. Appellant was sent notice of hearings at this address.
On November 3, 1997, the magistrate denied a motion made by appellant's counsel for a continuance and held a hearing on the CSB's motion for permanent custody. At the hearing, appellant's counsel informed the court that he was unable to contact his client and that he assumed that she was not at the hearing because of problems with transportation. On January 29, 1998, the magistrate issued a decision in which he made the following findings:
 "1) The children could not be placed with either parent within a reasonable time;
 "2) The parents had failed continuously and repeatedly, to substantially remedy the conditions causing the children to be placed outside of their home;
 "3) The parents demonstrated a lack of commitment toward the children by moving to South Carolina and essentially abandoning them;
 "4) The children's strongest interaction and interrelationships were among their siblings and foster parents, not appellant or Mr. Kriest; and,
 "5) The children's wishes, as expressed to the guardian ad litem, were that they not be returned to their parents."
 In consideration of these findings, the magistrate recommended that parental rights of the Kriests be terminated and that the children be placed in the permanent custody of the CSB for the purpose of pursuing adoption.
Appellant filed timely objections to the magistrate's decision, but David Kriest's objections were overruled because they were untimely. In her objections, appellant asserted that: the CSB did not find by clear and convincing evidence that the award of custody was in the best interest of the children, pursuant to R.C.2151.414(B); the children could be placed with the Kriests within a reasonable time; and, the parents did not continuously and repeatedly fail to comply with the case plan. The court issued an opinion approving the magistrate's decision on May 14, 1998. It then adopted the decision on June 1, 1998. Appellant appealed from the May 14 order, which was not final. Because the court subsequently filed an appealable order, this appeal will be treated as being filed prematurely.
Appellant raises the following assignments of error for our review:
 "[1.] The trial court's failure to grant appellant's motion for continuance of the evidentiary hearing denied appellant her constitutional right to due process.
 "[2.] The trial court's decision to grant permanent custody of the children to Trumbull County Children Services Board was unsupported by clear and convincing evidence.
 "[3.] Appellant was deprived of her right to due process and her rights set forth under Juv.R. 19 when she was not placed on notice of the intent of CSB to proceed upon the grounds set forth under Ohio R.C. Section 2151.44(E) (4) and was thereby prejudiced in her defense against said motion."
 In her first assignment of error, appellant asserts that the trial court denied her due process by proceeding with this case while she was not present.
The grant or denial of a continuance is a matter that is entrusted to the sound discretion of the trial court. State v.Lorraine (1993), 66 Ohio St.3d 414, 423, 613 N.E.2d 212, 220;State v. Spirko (1991), 59 Ohio St.3d 1, 18, 570 N.E.2d 229,249-250; State v. Unger (1981), 67 Ohio St.2d 65, 423 N.E.2d 1078, syllabus. The standard of review on appeal is, therefore, whether the trial court abused its discretion. Lorraine,66 Ohio St.3d at 424, 613 N.E.2d at 220-221; Spirko, 59 Ohio St.3d at 18,570 N.E.2d at 249-250; Unger, 67 Ohio St.2d at 67, 423 N.E.2d at 1080.
The Ohio Supreme Court set out a test in Unger that balances the court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice against any potential prejudice to the defendant. Id. at 67,423 N.E.2d at 1080. Objective factors which may be considered by a judge in assessing the propriety of a motion for continuance include "the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case." Id. at 67-68, 423 N.E.2d at 1080. See NiamInvestigations, Inc. v. Gilbert (1989), 64 Ohio App.3d 125,127-128, 580 N.E.2d 840.
In the present case, the hearing at issue was continued repeatedly at appellant's request. The most frequent reason given was that the home study had not been completed. However, the study could not be completed until South Carolina got appellant's counseling records for which it needed a release signed by appellant and Mr. Kriest. For whatever reason, the Kriests did not sign a release, so South Carolina did not complete the study. At various times appellant failed to inform her attorney or the CSB where she was living, making it exceedingly difficult to proceed. At the hearing, her attorney stated that he did not know why appellant was not there. Under these circumstances, we cannot say that the magistrate abused his discretion by denying the motion for continuance.
Furthermore, appellant failed to raise the magistrate's denial of the motion for a continuance in her objections. Civ.R. 53(E) (3) (b) provides in pertinent part: "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Thus, appellant cannot raise this as an assignment of error on appeal. See Hurst v.Liberty-Bel, Inc. (1997), 117 Ohio App.3d 138, 690 N.E.2d 40. Appellant's first assignment of error is without merit.
In her second assignment of error, appellant asserts that the trial court's findings were not supported by clear and convincing evidence. Appellant argues that she voluntarily placed the children outside of the home because she was having trouble with them at the time. Appellant's assertion is that the reason for which the children were initially placed, substandard housing, was substantially remedied. In its judgment entry, the trial court based its ruling on R.C. 2151.414(E) (1) and (4).
R.C. 2151.414(E) provides that a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, if the court determines, by clear and convincing evidence:
 "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home.
 "(4) The parent had demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child."
 Before the children were voluntarily placed with the CSB, the CSB had formulated a comprehensive case plan, approved by the court, which allowed appellant to have temporary custody of the children. Following the objectives of the plan was a condition for her to retain custody. That the children were placed with the CSB voluntarily did not absolve appellant of her obligation to follow the objectives. According to the evidence that was presented, she has repeatedly failed to comply with the plan. Therefore, the court did not err by granting the CSB permanent custody. Appellant's second assignment of error is without merit.
In her third assignment of error, appellant asserts that she was deprived of due process because she was only on notice that the CSB intended to seek permanent custody under R.C.2151.414(E) (1), but the trial court granted permanent custody under both R.C. 2151.414(E) (1) and (E) (4). Because the trial court reached its decision in this case on grounds independent of R.C. 2151.414(E) (4), any error that deprived appellant notice on this issue was harmless. Appellant's third assignment of error is without merit.
The judgment of the trial court is affirmed.
 _____________________________ JUDGE MARY CACIOPPO
Ret., Ninth Appellate District sitting by assignment
CHRISTLEY, P.J., O'NEILL, J., concur.