DECISION
In August 1998, plaintiffs-appellees, Jennifer and Matt Mayer, viewed property located at 2846 Adams Avenue in Columbus in anticipation of renting the house. The house was owned by defendant-appellant, Patrick McGreevy and his wife. Appellees signed a lease beginning September 1, 1998, for a term of twelve months and paid a security deposit of $575. On September 7, 1998, Jennifer Mayer met with appellant at the house to discuss work to be completed, such as cleaning the carpets, painting the walls, and several repairs, including replacing the glass in the front door, fixing the kitchen sink faucet, fixing the toilet and fixing a window in the basement that would not close. Appellant informed Jennifer at that time that she owed rent of $575 for the entire month of September. Jennifer paid the rent that day. The repairs, cleaning and the painting were not completed until September 18, 1998. In fact, appellees testified that the toilet and window were not fixed by September 22, 1998.
Appellees testified that they wanted to move in on September 1, 1998, but did not have to vacate their previous apartment until September 30, 1998. Appellees testified that they expected to either be able to move in the house on September 1, 1998, or have the rent prorated until the repairs were completed. Appellant argued that appellees told him they were not moving into the house until September 19, 1998, and the repairs and work were completed by that date. Jennifer did testify that she told appellant that appellees could remain in their apartment until September 15, 1998. Appellees also testified that appellant provided keys to the house on September 6, 1998, but required that they be kept in the mailbox so that the work could be completed.
Matt Mayer testified that he made telephone calls to appellant on September 14, 16, 17, 18 and 20, 1998, to inquire about the repairs. Matt testified that the conversation was "confrontational" and appellant threatened him by stating, if appellees continued to play "hardball," their stay would be "short and unpleasant." (Tr. 60-61.) Appellees contacted the code enforcement office for the city of Columbus, arguing that the house was uninhabitable. On September 22, 1998, an enforcement officer inspected the house and found several code violations, including emergency violations concerning a lack of smoke detectors. Appellant telephoned the city of Columbus property maintenance inspection supervisor, Andrew Baumann, to inspect the property. Baumann inspected the property twice. The first time the property was vacant but Baumann could not remember the date. Appellant asserted that the first inspection was September 24, 1998, but Baumann did not think that date was correct. The second inspection was November 11, 1998, after the property was rented to someone else. Baumann found most of the violations were in compliance by November 11, 1998, but none of the remaining outstanding violations are at issue in this case.
On September 11, 1998, appellees' attorney wrote appellant a letter requesting that appellant prorate the September rent until appellees were able to occupy the house and apply the balance toward the October rent. On September 25, 1998, appellees' counsel wrote appellant another letter, this time requesting return of the rent and the deposit. Another request was made on October 12, 1998. On October 14, 1998, appellant offered to return $418 of the security deposit and appellees' counsel refused the offer. Appellees filed a complaint in the Franklin County Municipal Court, alleging appellant breached his contractual and statutory duties and requesting damages of $2,300 and attorney fees.
A trial was held on May 5 and 21, 1999. The trial court found that appellant failed to deliver the premises to appellees in a fit and habitable condition, due to several housing code violations and other necessary repairs of a substantial nature. The trial court found appellant breached his obligations, pursuant to R.C. 5321.04, thus voiding appellees' contractual obligations under the lease and appellant had no right to receive rent for September 1998, nor retain a security deposit. Thus, the trial court awarded appellees $575 for rent, $575 for the security deposit and $575 in damages for the security deposit wrongfully withheld, plus interest and costs. The trial court denied attorney fees.
Appellant filed a notice of appeal and raised the following assignments of error:
 I. The trial court erred in finding that the defendant landlord failed to deliver premises that were fit and habitable due to housing code violations and other necessary repairs of a substantial nature since this finding was against the manifest weight of the evidence.
 II. The trial court erred in its discretion in awarding double damages in the return of the security deposit (originally $575.00). The landlord should not be penalized when a major portion of the security deposit was offered to be returned to the tenant but the offer was rejected.
 III. The trial court did not provide defendant-appellant due process of law. The trial judge demonstrated an obvious and constant bias, prejudice and intolerance against pro se litigants. The judge also denied a request for continuance that would have provided defendant-appellant a reasonable opportunity to produce probative evidence that would have directly contradicted evidence put forth by the Plaintiff that formed the basis for Plaintiff's case.
By the first assignment of error, appellant contends that the trial court's finding that he failed to deliver the premises in a fit and habitable condition due to housing code violations and other necessary repairs of a substantial nature was against the manifest weight of the evidence. Judgments which are supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. C.E.Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279, syllabus. Also, determination of credibility and the weight to be given to the evidence are for the trier of fact. State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
R.C. 5321.04(A) imposes obligations upon a landlord to maintain in good working condition all electrical, plumbing, sanitary, heating, ventilating and air conditioning fixtures supplied or required to be supplied by him. Although both property inspectors testified that the home was habitable, Jennifer testified that the only toilet in the house was not working properly. Also, she testified that a window in the basement was incapable of closing and locking. The window was large enough for a person to crawl through and enter the house. Being a survivor of a violent crime, she did not feel safe living in such a residence. She also did not feel safe leaving the keys in the mailbox. Appellant admitted that he was working on the house until September 18, 1998. There was a dispute in the evidence concerning whether the plumbing problems were corrected on September 18, 1998, or not, but the inspector did not have the toilet on the violation list on September 22, 1998. However, appellees' lease began on September 1, 1998, and they were expected to pay rent beginning September 1, 1998. Thus, they had a right to occupy the premises beginning September 1, 1998, and to have the repairs and cleaning completed. The trial court did not err in finding that the premises were uninhabitable and appellant's first assignment of error is not well taken.
By the second assignment of error, appellant contends that the trial court erred in awarding double damages of the security deposit when he offered to return $418 of the $575. R.C.5321.16(C) provides that, if a landlord fails to comply with division (B) of this section, the tenant may recover the property and money due plus damages in an amount equal to the amount wrongfully withheld. R.C. 5321.16(B) requires the landlord to itemize any deductions withheld from the security deposit for past due rent or damages in a written notice delivered to the tenant with the amount due within thirty days after termination of the rental agreement and delivery of possession. In this case, the trial court found that appellant's breach of his obligations voided appellees' contractual obligations and, therefore, appellant had no right to collect rent or any of the security deposit. Therefore, the court doubled the security deposit as damages. We already determined in the first assignment of error that the trial court did not err in finding that appellant was not entitled to any of the security deposit. Thus, the trial court did not err in doubling the security deposit as damages. Appellant's second assignment of error is not well taken.
By the third assignment of error, appellant contends that the trial court did not provide him due process of law. Appellant argues that the trial court demonstrated an obvious bias against pro se litigants and denied him a continuance. A pro se
litigant is bound by the same rules and procedures as those litigants who retain counsel. Meyers v. First Natl. Bank (1981),3 Ohio App.3d 209, 210. The court granted appellant latitude regarding leading questions and argument. Furthermore, the decision to grant or deny a continuance is within the discretion of the trial court and will only be reversed upon a finding that the trial court abused its discretion. Niam Investigations, Inc.v. Gilbert (1989), 64 Ohio App.3d 125, 127. An abuse of discretion is more than an error of law, but implies an attitude on the part of the court that is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. The trial court had already granted appellant's request for a continuance from May 5, 1999, until May 21, 1999, in order for appellant to subpoena a witness. It was not an abuse of discretion to refuse further continuances. Appellant has not demonstrated a violation of his due process rights and appellant's third assignment of error is not well taken.
For the foregoing reasons, appellant's three assignments of error are overruled, and the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
TYACK and BRYANT, JJ., concur.